## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

```
------------------------------------------------------------- x
In re                                           :        Chapter 11
                                                :
FIRSTPLUS FINANCIAL GROUP, INC.                 :        Case No. 09-33918 (HDH)
                                                :
                    Debtor.                      :
------------------------------------------------------------- x
```

## NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY AND
## DISCLAIMER REGARDING DEBTOR'S SCHEDULES AND STATEMENTS

Matthew D. Orwig, the chapter 11 trustee (the "Trustee") appointed in the above-captioned bankruptcy case, hereby submits the Schedules of Assets and Liabilities and Statements of Financial Affairs (each s "Schedule" or "Statement," as applicable, and, collectively, the "Schedules and Statements") in the United States Bankruptcy Court for the Northern District of Texas (the "Bankruptcy Court"), pursuant to section 521 of title 11 of the United States Code (the "Bankruptcy Code") and rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

These Notes and Statement of Limitations, Methodology and Disclaimer Regarding Debtor's Schedules and Statements (the "Notes") are incorporated by reference in, and comprise an integral part of each and every one of the Schedules and Statements and should be referred to and considered in connection with any review of each Schedule and Statement.

The Schedules and Statements were prepared by the Trustee's counsel, Sonnenschein Nath & Rosenthal LLP ("Sonnenschein") and the Trustee's accountant, Robbins Tapp Cobb & Assoc., PLLC ("Robbins Tapp"). Sonnenschein and Robbins Tapp, in conjunction with Trustee, has made reasonable effort to file complete and accurate Schedules and Statements based upon unaudited information available at the time of preparation. Thus, the Schedules and Statements remain subject to further review and verification. Subsequent information may result in material changes to the Schedules and Statements, and because the Schedules and Statements contain unaudited information that is subject to further review and potential adjustment, there can be no assurance that these Schedules and Statements are complete. The Trustee reserves his right to amend the Schedules and Statements from time to time as may be necessary or appropriate, including the right to dispute or otherwise assert offsets or defenses to any claim reflected on the Schedules and Statements as to amount, liability or classification, or to otherwise subsequently designate any claim as "disputed," "contingent" or "unliquidated." Furthermore, nothing contained in the Schedules and Statements shall constitute a waiver of rights with respect to these Chapter 11 cases and specifically with respect to any issues involving equitable subordination or causes of action arising under the

provisions of Chapter 5 of the Bankruptcy Code and other relevant non-bankruptcy laws to recover assets or avoid transfers.

1. <u>Description of the Cases and as of Information Date.</u> On June 23, 2009, (the "<u>Petition Date</u>"), the Debtor filed a voluntary petition with the Bankruptcy Court for reorganization under Chapter 11 of the Bankruptcy Code. On July 24, 2009, the Office of the United States Trustee appointed the Trustee to serve as the Chapter 11 trustee in the Debtor's bankruptcy case. By order entered on the same day, the Trustee's appointment was confirmed and approved by the Court presiding over the Debtor's bankruptcy case. Except as otherwise noted herein, all information in the Schedules and Statements is as of the Petition Date.

2. <u>Summary of Significant Prepetition Events.</u> The Debtor's primary asset consists of distributions from that certain FPFI Creditor Trust established pursuant to the terms of a chapter 11 plan confirmed in the bankruptcy case of the Debtor's wholly-owned subsidiary FirstPlus Financial Inc. The Debtor is entitled to receive distributions from the FPFI Creditor Trust based on its allowed intercompany claim. The total value of future distributions is unknown.

Based upon information and belief, in or about June 2007 a new board assumed control of the Debtor (the "<u>Board Change</u>"). Subsequent to the Board Change, the Debtor's assets -- namely, the cash distributions from the FPFI Creditor Trust -- were used to purchase various companies that became direct and indirect subsidiaries of the Debtor.

On May 8, 2008, the Federal Bureau of Investigations executed a search warrant on the Debtor's principal offices located at 122 W. John Carpenter Freeway, Suite #450, Irving, Texas 75039. As part of the warrant execution, the FBI seized substantially all of the Debtor's books and records that could be used to explain the state of the Debtor's financial affairs prior to May 2008. Upon information and belief, subsequent to the FBI search and seizure, the Debtor had insufficient funds to maintain a regular staff to maintain records and it appears that in the period prior to the bankruptcy the Debtor had no employees.

Moreover, between the Board Change and the events of May 8, 2008, the Debtor had a number of different persons and professionals involved in and advising it with respect to its operations. As a result many documents and records pertinent to the Debtor's operations before May 2008 are widely dispersed.

3. <u>Basis of Presentation.</u> These Schedules and Statements are prepared on an unaudited, unconsolidated basis, reflecting the assets and liabilities of the Debtor based on the information available to the Trustee and his professionals. These Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles, nor are they intended to reconcile to any financial statements otherwise prepared and/or distributed by the Debtor.

The information presented in the Schedules and Statements is based upon the Trustee's knowledge based upon the information available to him and his professionals. Much of the information has been derived from documents provided to the Trustee from the Debtor, the Debtor's professionals and various persons and entities familiar with the Debtor,

as well as publicly available documents. The information available to the Trustee and his professionals has not been fully verified for accuracy or completeness. Therefore, the information presented in the Schedules and Statements should be viewed in light of the incomplete records available to the Trustee and is subject in all respects to amendment.

4.     Stocks and Interests in Incorporated and Unincorporated Businesses. The Debtor has ownership interests in certain non-Debtor entities as detailed herein. The Trustee does not have current valuations dated within one year of the date of these Schedules and Statements for the detailed stocks and interests. Accordingly, due to the lack of current valuations, the Trustee has reported the "Current Value of Debtor's Interest in Property, Without Deducting any Secured Claim or Exemption" as "Unknown."

5.     Recoveries and Causes of Action. The Schedules and Statements may not include a complete list of causes of action as of the Petition Date, or at any point thereafter. Regardless of the recoveries and causes of action listed, the Trustee reserves all of his rights to assert any and all causes of action the estate may possess, including, but not limited to, avoidance actions, and neither these Notes nor the Schedules and Statements shall be deemed a waiver or limitation of any of the Trustee's or estate's rights to pursue any such causes of action or recovery.

6.     Taxes. The Debtor is required to file tax returns and various other tax-related forms with various taxing authorities. These filings may result in either tax refunds or additional tax-related liabilities. There are no known tax refunds as of the filing date of these Schedules and Statements; thus, a listing of all taxing authorities has not been included in Schedule B18.

Schedule E includes claims to various taxing authorities to which the Debtor may potentially be liable. However, certain of such claims may be subject to ongoing audits, and the Trustee is otherwise unable to determine with certainty the amount of some, if not all, of the claims listed on Schedule E. Therefore, the Trustee has listed all such claims as unliquidated, pending final resolution and liquidation of such claims, including for ongoing audits or other outstanding issues. The Trustee reserves his right to assert that any claim listed on Schedule E does not constitute an unsecured priority claim under the Bankruptcy Code.

7.     Non-Debtor Subsidiaries. Between June 2007 and January 2008, the Debtor's assets were used to acquire or otherwise create nine entities which are now direct or indirect subsidiaries. These entities are listed in Schedule B13. The Schedules and Statements reflect claims for which the Debtor is a purported co-obligor or guarantor with respect to obligations of a non-Debtor subsidiary, however, no claim set forth in the Schedules and Statements is intended to acknowledge claims of creditors that are otherwise satisfied or discharged by another entity or for which it is determined the Debtor has no obligation or liability. The descriptions provided of the claims listed in the Schedules and Statements are intended only to be a summary, do not constitute an admission and are not dispositive for any purpose. Reference to the applicable agreements and related documents, if any, is necessary for a complete description of the nature, extent and priority of any claim. Nothing in the Notes or the Schedules and Statements shall be deemed to be an admission, modification, or interpretation of or relating to any such agreements.

8.     Schedule D. Except as otherwise agreed pursuant to a stipulation, agreed order, or general order entered by the Bankruptcy Court, the Trustee reserves his right to dispute or

challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a secured creditor listed on Schedule D. Moreover, although the Trustee may have scheduled claims of various creditors as secured claims, the Trustee reserves all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization or structure of any such transaction, or any document or instrument (including, without limitation, any inter-company agreement) related to such creditor's claim.

9. **Schedule F.** Every effort has been made to list creditors based on the information available and research that was conducted in connection with the preparation of the Schedules and Statements. Thus, amounts listed in Schedule F are based on invoices or are otherwise general estimates of liabilities and may not represent specific claims as of the Debtor's petition date. Moreover, Schedule F contains information regarding pending litigation involving the Debtor or litigation that may impact property of the estate based upon commercially reasonable due diligence and investigations conducted by the Trustee to date. As additional information becomes available, further research is conducted and the Trustee's investigation of the Debtor's affairs proceeds pursuant to section 1106, Schedule F may change.

The inclusion on Schedule F of the claim by plaintiff James P. Hanson, *et al.*, does not constitute the Trustee's consent to the filing of a class proof of claim on behalf of all shareholders and the Trustee reserves the right to object to any class proof of claim or the claims of any shareholder.

Schedule F permits claims to be designated as disputed, contingent and/or unliquidated. A failure to designate a claim on Schedule F as disputed, contingent and/or unliquidated does not constitute an admission that such claim is not disputed, contingent and/or unliquidated, or is not subject to objection. The Trustee reserves the right to dispute, or assert offsets or defenses to, any or all claims reflected on these Schedules as to validity, extent, nature, or liability.

10. **Schedule G.** While commercially reasonable efforts have been made to ensure the accuracy of Schedule G, inadvertent errors, omissions, or over-inclusions may have occurred. The Trustee has attempted to provide complete lists of all agreements that might be considered to be executory contracts. The Trustee is continuing to review documents and will supplement the Schedules and Statements if additional agreements that may constitute executory contracts are identified. The Trustee hereby reserves all of his rights to dispute the validity, status, or enforceability of any contracts, agreements, or leases set forth in Schedule G, or to amend or supplement such Schedule as necessary. The contracts and agreements listed on Schedule G may not have taken effect or be binding on any party and may have expired, or been terminated, modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, or other documents, instruments, or agreements which may not be listed therein.

The Trustee reserves all of his rights, claims and causes of action with respect to the contracts and agreements listed on Schedule G, including the right to dispute or challenge the characterization or the structure of any transaction, document, or instrument. The Trustee reserves any and all rights to assume, assign, or reject their executory contracts and nothing in the Schedules and Statements shall in any way be deemed an admission or election to do so, or waive or limit the Trustee's right to do so.

11.     Schedule H: Co-Debtors.  The Debtor is involved in pending litigation and claims arising out of the conduct of its non-Debtor subsidiaries' businesses.  These matters may involve multiple plaintiffs and defendants, some or all of which may assert cross-claims and counter-claims against other parties.  Because such claims are listed elsewhere in the Schedules and Statements they have not been set forth individually on Schedule H.

12.     Disputed, Contingent and/or Unliquidated Claims.  Schedules D, E and F, for example, permit each the Trustee to designate a claim as disputed, contingent and/or unliquidated.  A failure to designate a claim on any Schedule as disputed, contingent and/or unliquidated does not constitute an admission that such claim is not disputed, contingent and/or unliquidated, or is not subject to objection.  The Trustee reserves the right to dispute, or assert offsets or defenses to, any or all claims reflected on these Schedules as to validity, extent, nature, or liability.

I declare that the Schedules and Statements and any attachments thereto are true and correct to the best of my knowledge, information and belief.

Dated: March 12, 2010
        Dallas, Texas

                              /s/ Matthew D. Orwig
                              Matthew D. Orwig, Chapter 11 Trustee

B7 (Official Form 7) (12/07)

# UNITED STATES BANKRUPTCY COURT

## <u>NORTHERN</u> DISTRICT OF <u>TEXAS</u>

In re: FirstPlus Financial Group, Inc.,                    Case No. <u>09-33918</u>
         ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾                              ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
              Debtor                                                        (if known)

## STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

### DEFINITIONS

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

---

**1.    Income from employment or operation of business**

None


State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

AMOUNT                                                    SOURCE

American LegalNet, Inc.
www.FormsWorkflow.com

2

**2. Income other than from employment or operation of business**

None ☐

State the amount of income received by the debtor other than from employment, trade, profession, operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| 4,425,098.11 | FPFI Creditor Trust Distribution to FPFG Grantor Trust 10/31/2007 |
| 1,801,323.91 | FPFI Creditor Trust Distribution to FPFG 10/31/2007 |
| 1,587,836.75 | FPFI Creditor Trust Distribution to FPFG Grantor Trust 11/24/2008 |
| 664,999.78 | FPFI Creditor Trust Distribution to FPFG 11/24/2008 |

**3. Payments to creditors**

*Complete a. or b., as appropriate, and c.*

None ☒

a. *Individual or joint debtor(s) with primarily consumer debts:* List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| | | | |

None ☐

b. *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,475. If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|
| Payments to various individuals and entities, including some professionals and insiders. The identity of some payees has not yet been determined | | 728,257.64 | 0.00 |
| | | | |
| SEE ATTACHMENT 3b | | | |

American LegalNet, Inc.
www.FormsWorkflow.com

3

None
☐ c. *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| Jack Roubinek 2126 Clear Springs Drive North Irving, Texas 75063 Director, CEO | Various dates between October 2008 and March 12, 2009 | 98,590.00 | 0.00 |
| Gary Alexander 4285 SW Martin Highway Palm City, Florida 34990 Director, Acting CFO | Various dates between January 2009 and April 2009 | 34,500.00 | 0.00 |
| Robert O'Neal 324 N. 23rd Street Beaumont, Texas 77707 | 12/26/2008 | 348,712.00 | 0.00 |

**4. Suits and administrative proceedings, executions, garnishments and attachments**

None
☐ a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| James P. Hanson v. FirstPlus Financial Group, Inc. Case No. CV08-02133 | Breach of Settlement Agreement | Washoe County District Court, State of Nevada | Dismissed |
| James P. Hanson v. FirstPlus Financial Group, Inc. Case No. CV09-00454 | Breach of Settlement Agreement | Washoe County District Court, State of Nevada | Pending |
| Svetlana Pelullo Deed of Trust v. FirstPlus Financial Group, Inc. et al. Case No. 003499 | Collection suit | Court of Common Pleas Philadelphia County, PA | Pending |
| Learned Assoc. of North America, LLC v. FirstPlus Financial Group, Inc., et al. Case No. L-4426-08 | Collection suit | Superior Court of New Jersey, Atlantic County | Dismissed |

American LegalNet, Inc.
www.FormsWorkflow.com

| | | | |
|---|---|---|---|
| Michael Cordova v. FirstPlus Financial Group, Inc. Case No. 003924 | Collection suit | Court of Common Pleas, Philadelphia County, State of Pennsylvania | Pending |
| L&L Holdings, LLC v. FirstPlus Financial Group, Inc. and various subsidaries Case Nos. 09-09852; 09-10421; 09-17371 | Collection suit | Court of Common Pleas, Philadelphia County, State of Pennsylvania | Pending |
| Learned Assoc. of North America, LLC v. FirstPlus Financial Group, Inc. Case No. 09-cv-2087-TJS | Collection suit | District Court for the Eastern District of Pennsylvania | Remanded to Court of Common Pleas |
| Learned Assoc. of North America, LLC v. FirstPlus Financial Group, Inc. Case No. 09-2518 | Collection suit | Court of Common Pleas, Philadelphia County, State of Pennsylvania | Pending |
| Lepercq Corporate Income Fund v. FirstPlus Financial Group, Inc. et al. Case No. CC-09-06723 | Collection suit | Dallas County District Court 101st Judicial District | Pending |
| Hulse Stucki, PLLC v. FirstPlus Financial Group, Inc. et al. Case No. CC-09-03330-D | Collection suit | Dallas County Court of Law No. 4 | Pending |
| In re: FirstPlus Financial Group, Inc. Case No. DC-09-4377 | Discovery Action | Dallas County District Court 116th Judicial District | Pending |
| L&L Holdings LLC v FirstPlus Financial Group Inc. Case No. DC-09-04857 | Enforce Foreign Judgment | Dallas County District Court 101st Judicial District | Pending |
| L&L Holdings LLC v FirstPlus Financial Group, Inc. Case No. DC-09-06578 | Enforce Foreign Judgment | Dallas County District Court 298th Judicial District | Pending |
| Svetlana Pelullo as trustee under and acting on behalf of Svetlana Pelullo Deed of Trust v. FirstPlus Financial Group, Inc. et al. Case No. 2009-04638 | Enforce Foreign Judgment | Harris County District Court, 151st Judicial District | Order entered against FirstPlus Enterprises, Inc. and FirstPlus Development Company |
| Firstline Mortgage Group, Inc. v. Rutgers Investment Group, Inc. | Collection suit | Orange County Superior Court, State of California | Judgment entered 10/8/2008 |

American LegalNet, Inc.
www.FormsWorkflow.com

5

None ☐ b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| United States Department of Justice/ Federal Bureau of Investigation | 5/8/2008 | Various items of personal property -- books, records, office equipment and an aircraft |

**5. Repossessions, foreclosures and returns**

None ☒ List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**6. Assignments and receiverships**

None ☒ a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

None ☐ b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|
| Howard W. Conyers, District Court Clerk P.O. Box 30083 Reno, NV 89520 | Second Judicial District Court of the State of Nevada (Washoe County), James P. Hanson v. FirstPlus Financial Group, Inc., et al Case No. CV09-00454 | 4/10/2009 | 1,196,402.83 |

American LegalNet, Inc. www.FormsWorkflow.com

#### 7. Gifts


None

List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|

#### 8. Losses


None

List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

#### 9. Payments related to debt counseling or bankruptcy


None

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYER IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| Cox Smith Matthews Incorporated 1201 Elm Street, Ste 3300 Dallas, TX 75270 | 6/22/2009 | $50,000 |
| | Date Unknown | $12,000 |

#### 10. Other transfers

None

a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|

American LegalNet, Inc.
www.FormsWorkflow.com

| | | |
|---|---|---|
| William Maxwell and William Maxwell PLLC<br>1300 McGowan<br>Houston, TX 77004<br>Former Counsel to Debtor | Periodic | at least 1,325,000- total amount unknown; value of services received unknown |
| Robert O'Neal<br>324 N. 23rd Street<br>Beaumont, TX 77707<br>Director, Chairman | 6/30/2008<br>1/16/2009 | 4,000,000 shares and two options to purchase another 10,000,000 of FPFG shares each, for $0.04 per share; amount of loan proceeds received unknown |
| Learned Assoc. of North America, LLC<br>Seven Hills Management, LLC, Rutgers<br>Investment Group, LLC and Peter Fox<br>Each a seller of its interests in Rutgers<br>Investment Group, LLC. | 7/23/2007 | $1,825,000 in cash and 500,000 FPFG shares valued at $0.18 per share; value of equity interests received unknown |
| Globalnet Enterprises, LLC, Learned Assoc. of<br>North America, LLC Seven Hills Management,<br>LLC, Diversified Development LLC and Ajax<br>Baron, LLC<br>Each a seller of its interests in Globalnet<br>Enterprises, LLC | 7/30/3007 | $3,035,000 in cash, 1,100,000 shares of FPFG common stock valued at $0.17 per share and a promissory note in the face amount of $1,495,000 issued by subsidiaries FirstPlus Development Co. and FirstPlus Enterprises, Inc. |
| Learned Assoc. of North America, LLC, Seven<br>Hills Management, LLC, Rolando Gonzalez and<br>Michael Cordova<br>Each a seller of its interests in The Premier<br>Group, LLC | 1/31/2008 | $425,000 in cash, 1,000,000 shares of FPFG common stock valued at $.10 shares and various promissory notes issued by subsidiary FirstPlus Enterprises, Inc. |

None
☐    b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|
| Grantors Residual Trust<br>5100 N. O'Connor Blvd<br>Irving, TX 75039 | 7/15/2002 | 52.4% of future distributions from the FPFI Creditor Trust |

## 11.  Closed financial accounts

None
☐    List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|

American LegalNet, Inc.
www.FormsWorkflow.com

8

| | | |
|---|---|---|
| Oppenheimer & Co., Inc.<br>Two Galleria Tower<br>13455 Noel Rd., Ste 1200<br>Dallas, TX 75240 | Various accounts: Special Acct 6320, Special<br>Acct 3482, Operating Acct 5439 and Grantor<br>Residual Trust Acct 1437 | Unknown |
| Bank of America, N.A.<br>PO Box 25118<br>Tampa, FL 33622 | Various accounts: Payroll Acct 1582, Investment<br>Acct 1595, Operating Acct 9573, Payrill Acct<br>6195, Sweep Acct 6140, Grantor Residual Trust<br>Acct 2676 | Unknown |
| Wells Fargo<br>6250 Delaware St.<br>Beaumont, TX 77706 | Checking 4223 | Unknown |
| The Bank Of New York<br>Mellon<br>PO Box 360857<br>Pittsburgh, PA 15251 | Stock Transfer Administration 9636 | Unknown |

---

**12. Safe deposit boxes**


None

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS<br>OF BANK OR<br>OTHER DEPOSITORY | NAMES AND ADDRESSES<br>OF THOSE WITH ACCESS<br>TO BOX OR DEPOSITORY | DESCRIPTION<br>OF<br>CONTENTS | DATE OF TRANSFER<br>OR SURRENDER,<br>IF ANY |
|---|---|---|---|

---

**13. Setoffs**


None

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF<br>SETOFF | AMOUNT<br>OF SETOFF |
|---|---|---|

---

**14. Property held for another person**

None

List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS<br>OF OWNER | DESCRIPTION AND<br>VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|

---

American LegalNet, Inc.<br>www.FormsWorkflow.com

**15. Prior address of debtor**

None


If debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|
| 5100 North O'Connor Blvd, 6th Floor Irving, TX 75039 | FirstPlus Financial Group, Inc. | 2005 - 6/2007 |
| 122 W John Carpenter Freeway Ste 450 Irving, TX 75039 | FirstPlus Financial Group, Inc. | 6/2007 - 5/2008 |
| 4285 SW Martin Hwy Palm City, FL 34990 | FirstPlus Financial Group, Inc. | 5/2008 - 2/2009 |
| 3965 Phelan Blvd Ste 209 Beaumont, TX 77707 | FirstPlus Financial Group, Inc. | 2/2009 - 8/2009 |

**16. Spouses and Former Spouses**

None
⊠

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

**17. Environmental Information.**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

None


a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

American LegalNet, Inc.
www.FormsWorkflow.com

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
| --- | --- | --- | --- |

None ☒   b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
| --- | --- | --- | --- |

None ☒   c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
| --- | --- | --- |

**18.  Nature, location and name of business**

None ☐   a. *If the debtor is an individual,* list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership,* list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation,* list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
| --- | --- | --- | --- | --- |
| Rutgers Investment Group, Inc. | 0717 | Unknown | Mortgage lending and services | 7/2007 - unknown |
| FirstPlus Enterprises, Inc. | 2830 | 2516 E Ontario Street Philadelphia, PA 19134 | Unknown | Unknown |

American LegalNet, Inc.
www.FormsWorkflow.com

11

| | | | | |
|---|---|---|---|---|
| FirstPlus Development Company | 2794 | 1231 Bainbridge St Ste 200 Philadelphia, PA 19147 | General contractor | Unknown |
| FirstPlus Financial Mortgage, Inc. | Unknown | Unknown | Unknown | 2009 - unknown |
| Ole Auto Group, Inc. | 0554 | Unknown | Auto Sales and lending | 2006 - 2008 |
| FirstPlus Acqusitions-1, Inc. | 5079 | 1231 Bainbridge St Ste 200 Philadelphia, PA 19147 | Holding company | Unknown |
| FirstPlus Restoration Co., LLC | 9880 | 2501 Wharton St Ste K Philadelphia, PA 19146 | Restoration services | 2007 - unknown |
| FirstPlus Facility Services Co., LLC | 7297 | 2516 E Ontario St Philadelphia, PA 19134 | Janitorial services | 2007 - unknown |
| FirstPlus Restoration and Facility Services LLC | 5065 | 2501 Wharton St Ste Q Phildelphia, PA 19146 | Unknown | 2007 - unknown |
| The Premier Group, LLC | 1044 | 832 Dekalb Street Front Office Norristown, PA 19401 | Insurance adjuster | 2008 - 2009 |
| Velia Charters, Inc. | Unknown | 122 W John Carpenter Frwy Ste 450 Irving, TX 75039 | Aviation services | Unknown |

None
☒

b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

NAME                                    ADDRESS

American LegalNet, Inc.
www.FormsWorkflow.com

12

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement **only** if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

### 19. Books, records and financial statements

None
☐

a. List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

| NAME AND ADDRESS | DATES SERVICES RENDERED |
|---|---|
| Leslie Bedford<br>1600 Highland Village Road<br>Lewisville, TX 75077 | 2007-2009 |
| Matthew Dubler<br>509 Evergreen Drive<br>Euless, TX 76040 | 2007-2008 |
| Kimberly Grasty<br>515 York Rd, Apt 10D<br>Willow Grove, PA 19090 | 2007-2008 |
| William Handley<br>9911 SW 48th St<br>Miami, FL 33165 | 2007-present |
| Buckno Lisicky & Company<br>ATTN: Tony Buczek<br>1524 Linden St.<br>Allentown, PA 18102 | 2007-2008 |
| Siegel and Drossner, PC<br>300 Yorktown Plaza<br>Elkins Park, PA 19027 | 2007-2008 |
| Robert O'Neal<br>324 N 23rd St<br>Beaumont, TX 77707 | 2007-2008<br>2008-present |
| William Todd Hickman<br>1391 Calder Avenue<br>Beaumont, TX 77701 | 2008-present |
| Gary Alexander<br>4285 SW Martin Highway<br>Palm City, FL 34990 | 2008-present |

American LegalNet, Inc.
www.FormsWorkflow.com

13

None
☐ b. List all firms or individuals who within **two years** immediately preceding the filing of this bankruptcy
case have audited the books of account and records, or prepared a financial statement of the debtor.

| NAME | ADDRESS | DATES SERVICES RENDERED |
|---|---|---|
| Buckno Lisicky & Company | 1524 Linden St.<br>Allentown, PA 18102 | 2007-2009 |
| Siegel and Drossner, PC | 300 Yorktown Plaza<br>Elkins Park, PA 19027 | 2007-2008 |

None
☐ c. List all firms or individuals who at the time of the commencement of this case were in possession of the
books of account and records of the debtor. If any of the books of account and records are not available, explain.

| NAME | ADDRESS |
|---|---|
| Buckno Lisicky & Company | 1524 Linden St.<br>Allentown, PA 18102 |
| Siegel and Drossner, PC | 300 Yorktown Plaza<br>Elkins Park, PA 19027 |
| Gary Alexander | 4285 SW Martin Highway<br>Palm City, FL 34990 |
| William Handley | 4285 SW Martin Highway<br>Palm City, FL 34990 |
| William Maxwell, PLLC | 1300 McGowan<br>Houston, TX 77004 |
| Wells Fargo Bank, N.A. | 8255 Gladys Avenue<br>Beaumont, TX 77706 |
| Robert O'Neal | 324 N 23rd St<br>Beaumont, TX 77707 |
| Jack Roubinek | 2126 Clearsprings Drive North<br>Irving, TX 75063 |
| US Department of Justice/Federal Bureau<br>of Investigation | |

None
☐ d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a
financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

| NAME AND ADDRESS | DATE ISSUED |
|---|---|
| Securities and Exchange Commission<br>175 West Jackson Blvd.<br>Ste 900<br>Chicago, IL 60604 | Various dates 2007 through<br>2009 |

American LegalNet, Inc.
www.FormsWorkflow.com

14

**20. Inventories**


None

a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

| DATE OF INVENTORY | INVENTORY SUPERVISOR | DOLLAR AMOUNT OF INVENTORY (Specify cost, market or other basis) |
|---|---|---|


None

b. List the name and address of the person having possession of the records of each of the inventories reported in a., above.

| DATE OF INVENTORY | NAME AND ADDRESSES OF CUSTODIAN OF INVENTORY RECORDS |
|---|---|

**21. Current Partners, Officers, Directors and Shareholders**

None

a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

| NAME AND ADDRESS | NATURE OF INTEREST | PERCENTAGE OF INTEREST |
|---|---|---|

None

b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|---|---|---|
| Robert O'Neal<br>324 N 23rd Street<br>Beaumont, TX 77707 | Chairman,<br>Director | 6,124,438 shares and options worth 20,000,000 |
| Gary Alexander<br>4285 SW Martin Highway<br>Palm City, FL 34990 | Director, acting<br>CFO | 22,100 shares |

American LegalNet, Inc.
www.FormsWorkflow.com

15

| | | |
|---|---|---|
| Paul Ballard<br>3 Petaldrop Place<br>The Woodlands, TX 77382 | Director | |
| William Todd Hickman<br>1391 Calder Avenue<br>Beaumont, TX 77701 | Director | |
| John Hall<br>1715 Copperwood<br>Richmond, TX 77406 | Director | |
| Jack Roubinek<br>2126 Clearsprings Drive north<br>Irving, TX 75063 | Director | 9,000 shares |
| William Handley<br>4285 SW Martin Highway<br>Palm City, FL 34990 | Director | |
| John Maxwell<br>11440 Jasper Dr.<br>Frisco, TX 75035 | Director | |
| Rutgers Investment Group, Inc. | Stockholder | 10,000,000 |

**22. Former partners, officers, directors and shareholders**

None ☒   a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

| NAME | ADDRESS | DATE OF WITHDRAWAL |
|---|---|---|

None ☒   b. If the debtor is a corporation, list all officers or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|---|---|---|

**23. Withdrawals from a partnership or distributions by a corporation**

None ☒   If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

| NAME & ADDRESS<br>OF RECIPIENT,<br>RELATIONSHIP TO DEBTOR | DATE AND PURPOSE<br>OF WITHDRAWAL | AMOUNT OF MONEY<br>OR DESCRIPTION<br>AND VALUE OF PROPERTY |
|---|---|---|

American LegalNet, Inc.<br>www.FormsWorkflow.com

16

**24. Tax Consolidation Group.**

None
☐

If the debtor is a corporation, list the name and federal taxpayer-identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

| NAME OF PARENT CORPORATION | TAXPAYER-IDENTIFICATION NUMBER (EIN) |
|---|---|
| FirstPlus Financial Group, Inc. | 75-2561085 |

**25. Pension Funds.**

None
☒

If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

NAME OF PENSION FUND          TAXPAYER-IDENTIFICATION NUMBER (EIN)

American LegalNet, Inc.
www.FormsWorkflow.com

# Attachment 3b

WELLS FARGO BANK, N.A.
GOLDEN TRIANGLE BUSINESS BANKING
6250 DELAWARE ST
BEAUMONT, TX 77706

**Page 1 of 3**

Account Number:                 308-7114223
Statement Start Date:            03/01/09
Statement End Date:              03/31/09

FIRSTPLUS FINANCIAL GROUP, INC
WELLS FARGO BANK
8255 GLADYS AVE
BEAUMONT TX 77706-4004

For Customer Assistance:
Call 800-225-5935 (1-800-CALL-WELLS).

| Account Number | Beginning Balance | Ending Balance |
|---|---|---|
| Choice IV Commercial Checking 308-7114223 | 713,447.06 | 545,278.07 |

**News from Wells Fargo**

**Credits**
Electronic Deposits/ Bank Credits

| Effective Date | Posted Date | Amount | Transaction Detail |
|---|---|---|---|
| | Mar 04 | 4,243.00 | WT Seq#80471 Wells Fargo Wires - Por /Org- Srf# 200903040007566O Trn#090304080471 Rfb# |
| | | 4,243.00 | Total Electronic Deposits/ Bank Credits |
| | | 4,243.00 | Total Credits |

**Debits**
Electronic Debits/ Bank Debits

| Effective Date | Posted Date | Amount | Transaction Detail |
|---|---|---|---|
| | Mar 04 | 25,000.00 | Bank Originated Debit |
| | Mar 04 | 15,000.00 | WT Fed#02701 Bank Of America, N /Ftr/Bnf=the Law Office of James W. Pusey Srf# FW05576063429243 Trn#090304072045 Rfb# |
| | Mar 04 | 5,000.00 | WT Fed#00652 Lafayette Ambassad /Ftr/Bnf=buckno Lisicky andcompany Srf# FW05576063624243 Trn#090304066134 Rfb# |
| | Mar 04 | 4,243.00 | WT Fed#02408 Bank Of America, N /Ftr/Bnf=john P Clarson Attorney At Law Srf# FW05576063487243 Trn#090304071008 Rfb# |

Continued on next page

07/17/2009 14:10 1-409-866-9490 WELLS FARGO BANK BMT PAGE 25/32

FIRSTPLUS FINANCIAL GROUP, INC

Page 2 of 3
Account Number: 308-7114223
Statement End Date: 03/31/09

**Electronic Debits/ Bank Debits**

| Effective Date | Posted Date | Amount | Transaction Detail |
|---|---|---|---|
| | Mar 05 | 15,000.00 | WT Fed#04461 Bank Of America, N /Ftr/Bnf=treasure Coast Private Equity, Llc Srf# FW05576064027157 Trn#090305075857 Rfb# |
| | Mar 05 | 15,000.00 | Withdrawal Made In A Branch/Store |
| | Mar 09 | 4,243.00 | WT Fed#07346 Bank Of America, N /Ftr/Bnf=john P Clarson Attorney At Law Srf# FW05576068434263 Trn#090309031558 Rfb# |
| | Mar 10 | 990.00 | WT Fed#00398 Bank Of America, N /Ftr/Bnf=jack Roubinek Srf# FW05576069471573 Trn#090310068085 Rfb# |
| | Mar 12 | 15,000.00 | WT Fed#04543 Bank Of America, N /Ftr/Bnf=jack Roubinek Srf# FW05576071851883 Trn#090312052280 Rfb# |
| | Mar 18 | 17,000.00 | WT Fed#05835 Bank Of America, N /Ftr/Bnf=john P Clarson Attorney At Law Srf# FW05576077033424 Trn#090318084164 Rfb# |
| | Mar 18 | 15,000.00 | WT Fed#05778 Lafayette Ambassad /Ftr/Bnf=buckno Lisicky and Co Srf# FW05576077863424 Trn#090318084051 Rfb# |
| | Mar 18 | 5,000.00 | WT Fed#05746 Bank Of America, N /Ftr/Bnf=treasure Coast Private Equity Srf# FW05576077015424 Trn#090318083976 Rfb# |
| | Mar 20 | 86.13 | Client Analysis Srvc Chrg 090319 Svc Chge 0209 0000030871114223 |
| | Mar 24 | 360.00 | Bank Originated Debit |
| | | 136,922.13 | Total Electronic Debits/ Bank Debits |

**Checks Paid**

| Check # | Date | Amount | Check # | Date | Amount |
|---|---|---|---|---|---|
| 1010 | Mar 06 | 9,325.00 | 1013* | Mar 13 | 26,164.86 |
| *Gap in check sequence | | 35,489.86 | Total Checks Paid | | |

172,411.99 Total Debits

---

Continued on next page

---

**Page 3 of 3**

**FIRSTPLUS FINANCIAL GROUP, INC**

Account Number: 308-7114223
Statement End Date: 03/31/09

---

**Daily Ledger Balance Summary**

| Date | Balance | Date | Balance |
|------|---------|------|---------|
| Feb 28 | 713,447.06 | Mar 12 | 608,889.06 |
| Mar 04 | 668,447.06 | Mar 13 | 582,724.20 |
| Mar 05 | 638,447.06 | Mar 18 | 545,724.20 |
| Mar 06 | 629,122.06 | Mar 20 | 545,638.07 |
| Mar 09 | 624,879.06 | Mar 24 | 545,278.07 |
| Mar 10 | 623,889.06 | | |

Average Daily Ledger Balance      592,451.41

---

Thank you for banking with Wells Fargo.

Member FDIC

WELLS FARGO BANK, N.A.
GOLDEN TRIANGLE BUSINESS BANKING
6250 DELAWARE ST
BEAUMONT, TX 77706

Page 1 of 2

Account Number:
Statement Start Date:
Statement End Date:

308-7114223
04/01/09
04/30/09

FIRSTPLUS FINANCIAL GROUP, INC
WELLS FARGO BANK
8255 GLADYS AVE
BEAUMONT TX 77706-4004

For Customer Assistance:
Call 800-225-5935 (1-800-CALL-WELLS).

| Account Number | Beginning Balance | Ending Balance |
|---|---|---|
| Choice IV Commercial Checking 308-71.4223 | 545,278.07 | 53,251.33 |

News from Wells Fargo

**Debits**
Electronic Debits/ Bank Debits

| Effective Date | Posted Date | Amount | Transaction Detail |
|---|---|---|---|
| | Apr 06 | 930.00 | Transfer To DDA # 000003854041757 |
| | Apr 08 | 15,000.00 | Transfer To DDA # 000003854041757 |
| | Apr 20 | 195.66 | Client Analysis Srvc Chrg 090417 Svc Chge 0309 000003087114223 |
| | Apr 23 | 395,901.08 | WT Fed#05744 Wachovia Bank NA O /Ftr/Bnf=patton Boggs Llp Operating Account Srf# FW05576113688826 Trn#090423079854 Rfb# |
| | | 412,026.74 | Total Electronic Debits/ Bank Debits |

Checks Paid

| Check # | Date | Amount | Check # | Date | Amount |
|---|---|---|---|---|---|
| 1014 | Apr 28 | 80,000.00 | | | |
| | | 80,000.00 | Total Checks Paid | | |

| | | 492,026.74 | Total Debits | | |

Continued on next page

07/17/2009  14:10    1-409-866-9490           WELLS FARGO BANK BMT              PAGE  28/32

FIRSTPLUS FINANCIAL GROUP, INC
Page 2 of 2
Account Number:
Statement End Date:
308-7114223
04/30/09

--------------------------------------------------------------------------------

**Daily Ledger Balance Summary**

| Date | Balance | Date | | Balance |
|------|---------|------|---|---------|
| Mar 31 | 545,278.07 | Apr 20 | | 529,152.41 |
| Apr 06 | 544,348.07 | Apr 23 | | 133,251.33 |
| Apr 08 | 529,348.07 | Apr 28 | | 53,251.33 |

   Average Daily Ledger Balance        419,357.70

--------------------------------------------------------------------------------

Thank you for banking with Wells Fargo.                              Member FDIC

WELLS FARGO BANK, N.A.                    Page 1 of 2
GOLDEN TRIANGLE BUSINESS BANKING
6250 DELAWARE ST                          Account Number:        308-7114223
BEAUMONT, TX 77706                        Statement Start Date:    05/01/09
                                          Statement End Date:      05/31/09


        FIRSTPLUS FINANCIAL GROUP, INC
        WELLS FARGO BANK
        8255 GLADYS AVE
        BEAUMONT TX 77706-4004


             For Customer Assistance:
             Call 800-225-5935 (1-800-CALL-WELLS).

------------------------------------------------------------------------------
Account Number            Beginning Balance            Ending Balance

Choice IV Commercial
Checking
308-7114223                    53,251.33                    61,351.33

------------------------------------------------------------------------------
News from Wells Fargo
------------------------------------------------------------------------------
Credits
  Electronic Deposits/ Bank Credits

    Effective   Posted
    Date        Date                Amount     Transaction Detail
                May 26            9,000.00     WT Fed#03826 Mellon Bank, N.
                                              A. /Org=mellon Investor
                                              Services Llc Srf# 22015
                                              Trn#090526092404 Rfb#
    ..............................................................................
                                 9,000.00     Total Electronic Deposits/
                                              Bank Credits

    ..............................................................................
                                 9,000.00     Total Credits

------------------------------------------------------------------------------
Debits
  Electronic Debits/ Bank Debits

    Effective   Posted
    Data        Date                Amount     Transaction Detail
                May 04              900.00     Transfer To DDA #
                                              000003854041757
    ..............................................................................
                                   900.00     Total Electronic Debits/ Bank
                                              Debits

    ..............................................................................
                                   900.00     Total Debits




------------------------------------------------------------------------------
Continued on next page

07/17/2009 14:10 1-409-866-9490 WELLS FARGO BANK BMT PAGE 30/32

Page 2 of 2
Account Number:
FIRSTPLUS FINANCIAL GROUP, INC                           Statement End Date: 308-7114223
                                                                             05/31/09

-------------------------------------------------------------------------------
Daily Ledger Balance Summary

Date                    Balance    Date                          Balance
....                    .......    ....                          .......
Apr 30                  53,251.33  May 26                        61,351.33
May 04                  52,351.33

     Average Daily Ledger Balance          54,180.36
-------------------------------------------------------------------------------
As of April 1, 2009, Wells Fargo calculates Earnings Credit on 100% of your
Average Collected Balance. Please contact your Banker for more information.

-------------------------------------------------------------------------------
Thank you for banking with Wells Fargo.                    Member FDIC

07/17/2009 14:10 1-409-866-9490 WELLS FARGO BANK BMT PAGE 31/32

WELLS FARGO BANK, N.A.
GOLDEN TRIANGLE BUSINESS BANKING
6250 DELAWARE ST
BEAUMONT, TX 77706

Page 1 of 2

Account Number: 308-7114223
Statement Start Date: 06/01/09
Statement End Date: 06/30/09

FIRSTPLUS FINANCIAL GROUP, INC
WELLS FARGO BANK
8255 GLADYS AVE
BEAUMONT TX 77706-4004

For Customer Assistance:
Call 800-225-5935 (1-800-CALL-WELLS).

| Account Number | Beginning Balance | Ending Balance |
|---|---|---|
| Choice IV Commercial Checking 308-7114223 | 61,351.33 | 32.42 |

News from Wells Fargo

**Credits**
Electronic Deposits/ Bank Credits

| Effective Date | Posted Date | Amount | Transaction Detail |
|---|---|---|---|
| | Jun 22 | 1,500.00 | Transfer From DDA # 000007629832895 |
| | Jun 22 | 100.00 | Transfer From DDA # 000007629832895 |
| | | 1,600.00 | Total Electronic Deposits/ Bank Credits |
| | | 1,600.00 | Total Credits |

**Debits**
Electronic Debits/ Bank Debits

| Effective Date | Posted Date | Amount | Transaction Detail |
|---|---|---|---|
| | Jun 09 | 900.00 | Transfer To DDA # 000003854041757 |
| | Jun 22 | 18.91 | Client Analysis Srvc Chrg 090619 Svc Chge 0509 000003087114223 |
| | Jun 22 | 50,000.00 | WT Fed#07929 Bank Of America, N /Ftr/Bnf=cox Smith Matthews Inc Trustee Acct Srf# FW0576173652369 Trn#090622084949 Rfb# |
| | | 50,918.91 | Total Electronic Debits/ Bank Debits |

Continued on next page

Page 2 of 2
Account Number:
FIRSTPLUS FINANCIAL GROUP, INC            Statement End Date:          308-7114223
                                                                      06/30/09

Checks Paid

| Check # | Date | Amount | Check # | Date | Amount |
|---------|------|--------|---------|------|--------|
| 1015 | Jun 15 | 8,000.00 | 1016 | Jun 11 | 4,000.00 |

12,000.00  Total Checks Paid

62,918.91  Total Debits

Daily Ledger Balance Summary

| Date | Balance | Date | Balance |
|------|---------|------|---------|
| May 31 | 61,351.33 | Jun 15 | 48,451.33 |
| Jun 09 | 60,451.33 | Jun 22 | 32.42 |
| Jun 11 | 56,451.33 | | |

Average Daily Ledger Balance        39,232.32

Thank you for banking with Wells Fargo.          Member FDIC