# FPFG LIQUIDATING TRUST AGREEMENT

This FPFG Liquidating Trust Agreement (the "Agreement"), dated as of December __, 2011, is established pursuant to the First Amended Plan of Liquidation (the "Plan") confirmed in the Chapter 11 case styled *In re FirstPlus Financial Group, Inc.*, Case No. 09-33918 (HDH) (the "Bankruptcy Case"), in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division (the "Bankruptcy Court"), and is accepted by the Trustee (as defined in Section 1.2 of this Agreement) for the benefit of the Debtor.

WHEREAS on June 23, 2009, the Debtor filed its voluntary petition in the Bankruptcy Court seeking relief under Chapter 11, Title 11, United States Code (the "Bankruptcy Code"), initiating the Bankruptcy Case;

WHEREAS on September 8, 2011, the Chapter 11 Trustee filed the Plan and related Disclosure Statement (the "Disclosure Statement") [Docket No. ___];

WHEREAS on September___, 2011, the Bankruptcy Court entered an Order approving the Disclosure Statement [Docket No. __];

WHEREAS on December __, 2011, the Bankruptcy Court entered its Order confirming the Plan [Docket No. ___] (the "Confirmation Order");

WHEREAS the FPFG Liquidating Trust (the "Liquidating Trust") is created pursuant to, and in order to effectuate certain provisions of, the Plan.  Pursuant to the terms of the Plan, the Trustee will hold the Liquidating Trust Assets for the benefit of the Debtor in implementing the provisions of the Plan and Order confirming the Plan.

NOW, THEREFORE, in consideration of the foregoing premises and the mutual covenants herein contained, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto do hereby covenant and agree as follows:

### 1. CREATION OF THE LIQUIDATING TRUST

1.1     Purpose of the Liquidating Trust.  The Debtor and the Chapter 11 Trustee, in compliance with the Plan, hereby constitute and create the Liquidating Trust for the primary purpose of effecting an orderly disposition and liquidation of the Debtor's assets, which will be transferred to it (the "Liquidating Trust Assets") and distributing the proceeds of the Liquidating Trust Assets, less any necessary reserves and expenses (the "Net Proceeds") to holders of Allowed Claims as provided in the Plan and Confirmation Order and to make the other payments called for in the Plan, and with no objective to continue or engage in the conduct of a trade or business.  The activities of this Liquidating Trust shall all be reasonably necessary to and consistent with the accomplishment of that purpose, but shall not include the conduct of a trade or business.

1.2     Appointment of Trustee.  In accordance with the provisions of the Plan, the Court names, constitutes, and appoints Matthew D. Orwig of Dallas, Texas to act and serve as Trustee of the Liquidating Trust (the "Trustee") and to hold, manage, liquidate, and distribute the

Liquidating Trust Assets and the Net Proceeds subject to the Plan and Confirmation Order and conditions herein set forth.

1.3     Acceptance by Trustee.  Matthew D. Orwig does hereby accept the appointment to act and serve as Trustee of the Liquidating Trust and to hold and administer the Liquidating Trust Assets pursuant to the terms of this Agreement and the Plan.

1.4     Name of Trust.  The Liquidating Trust established hereby shall bear the name "FPFG Liquidating Trust."  In connection with the exercise of his powers as Trustee, the Trustee may use this name or such variation thereon as he sees fit, or may use his own name, as Trustee.

1.5     Transfer of the Liquidating Trust Assets to the Liquidating Trust.  In accordance with the provisions of the Plan, all right, title, and interest of the Debtor and its Estate in and to all of the assets and properties of the Debtor and its Estate of any kind and character, as the same exist as of the date hereof, are hereby vested in the Liquidating Trust.  From and after the Effective Date, all such funds, assets, and properties, together with the Net Proceeds, shall be administered by the Trustee.  Prior to the creation of the Liquidating Trust, the Chapter 11 Trustee shall have executed and delivered or caused to be executed and delivered to, or upon the order of, the Trustee any and all documents and other instruments as may be necessary or useful to convey and to confirm title to the Liquidating Trust Assets to the Liquidating Trust.  After the Effective Date, the Trustee and/or the Chapter 11 Trustee, acting on behalf of the Debtor, shall execute all other documents necessary or useful to convey and to confirm title to the Liquidating Trust Assets to the Liquidating Trust.  Transfer of the Liquidating Trust Assets to the Liquidating Trust, whether before or after the Effective Date, shall not constitute a taxable event.

1.6     Litigation and Other Causes of Action.  As provided in the Plan, all claims recoverable under Chapter 5 of the Bankruptcy Code, all Litigation and all Other Causes of Action, and all other claims owed to and all other causes of action that are property of the Debtor on or as of the Effective Date, to the extent not specifically compromised or released pursuant to the Plan or an agreement referred to and incorporated in the Plan, are hereby vested in the Liquidating Trust and preserved for enforcement by the Trustee.  To the extent permitted by law, all other rights under the Bankruptcy Code are also preserved for the benefit of the Debtor's estate, and the Trustee shall have the right to utilize and exercise same subject to Court approval.

1.7     Termination of the Liquidating Trust.  The Liquidating Trust shall terminate upon the earliest to occur (the "Termination Date") of: (a) the fulfillment of the Liquidating Trust's purpose by the liquidation of the Liquidating Trust Assets and the distribution of the Net Proceeds; or (b) five (5) years after the Effective Date.  Every effort shall be made to ensure that the Termination Date shall be no later than the time reasonably necessary to accomplish the Liquidating Trust's purpose of liquidating assets and making disbursements and satisfying the provisions of the Plan and Confirmation Order.  Notwithstanding the foregoing, in the event the Trustee shall have been unable, after continuing reasonable efforts, to sell or otherwise dispose of and realize upon the Liquidating Trust Assets in the initial five (5) year term of the Liquidating Trust, the Trustee shall have the right to apply to the Bankruptcy Court to extend the term of the Liquidating Trust for additional periods of time.

## 2. RIGHTS, POWERS, AND DUTIES OF TRUSTEE

2.1 Declaration Acknowledging Beneficial Interest. The Trustee hereby acknowledges that, on and after the Effective Date, the Debtor will have the beneficial interest in all Liquidating Trust Assets for the purpose of satisfying the provisions of the Plan and Confirmation Order.

2.2 Management of Liquidating Trust. The Trustee shall take charge of the Liquidating Trust Assets and shall endeavor to collect, conserve, protect, and liquidate, or otherwise convert into cash, all Liquidating Trust Assets and all such other property incidental thereto as may hereafter be acquired from time to time under this Agreement or otherwise. To this end, the Trustee shall manage the affairs of the Liquidating Trust, negotiate and consummate sales of, prosecute and otherwise liquidate the Liquidating Trust Assets, enter into any agreements binding the Liquidating Trust, and execute, acknowledge, and deliver any and all instruments which are necessary, required, or deemed by the Trustee to be advisable in connection with the performance of the Trustee's duties hereunder. No person dealing with the Liquidating Trust shall be obligated to inquire into the authority of the Trustee in connection with the acquisition, management, or disposition of Liquidating Trust Assets. In connection with the management and use of the Liquidating Trust Assets, the Trustee, without limitation of his power and authority, may do the following: (i) accept the assets transferred and provided to the Liquidating Trust pursuant to this Agreement and the Plan; (ii) distribute Net Proceeds to the holders of Allowed Claims in accordance with the terms of this Agreement the Plan and Confirmation Order; (iii) endorse the payment of notes or other obligations of any person or make contracts with respect thereto; and (iv) engage in all acts that would constitute ordinary course of business in performing the obligations of a trustee under a trust of this type which the Trustee, in his reasonable discretion, deems necessary or appropriate to fulfill the liquidating purpose of the Agreement, unless otherwise specifically limited or restricted by the Plan or this Agreement. Notwithstanding the foregoing, except as otherwise provided by the Plan, the powers of the Trustee to invest any monies held by the Trustee, other than those powers reasonably necessary to maintain the value of the assets and to further the Trust's liquidating purpose, shall be limited to powers to invest in demand and time deposits, such as short-term certificates of deposit, in banks or other savings institutions, or other temporary liquid investments, such as treasury bills.

2.3 Recovery on Causes of Action. The Trustee may investigate, sue upon, mediate, arbitrate, and/or compromise and settle claims, Litigation, Objection to Claims, Other Causes of Action, and any other claims that are Liquidating Trust Assets.

2.4 Distribution of Net Proceeds. Pursuant to the terms of the Plan and Confirmation Order, the Trustee shall pay to the holders of Allowed Claims from the Net Proceeds the amounts required to be distributed on account of Allowed Claims. The Trustee shall make distributions of the Net Proceeds to holders of Allowed Claims in accordance with the treatment of Allowed Claims provided in the Plan. In determining whether there are any Net Proceeds available for distribution, the Trustee may, in his discretion, give due consideration to the possibility that there may be Claims which are not yet allowed by the Bankruptcy Court or are otherwise not yet due and payable. The Trustee shall make continuing efforts to dispose of the

Liquidating Trust Assets, to make prompt and timely distributions, and to avoid undue prolongation of the duration of the Liquidating Trust.

2.5 Due Authorization by Claimants; Provisions Regarding Trustee's Distributions.

2.5.1 Each and every claimant who receives any distribution provided for in the Plan, and herein, warrants that he, she, or it is authorized to accept, in consideration of his, her, or its Allowed Claim against the Debtor, such distribution, and that there are no outstanding comments, agreements, or understandings, expressed or implied, that may or can in any way defeat or modify the Claim asserted by him, her, or it under the Plan or his, her, or its right to receive such distribution.

2.5.2 In the event that any distribution to any holder of an Allowed Claim is returned as undeliverable, no further distributions shall be made to such holder unless and until the Debtor or Trustee is notified of such holder's then-current address. The Trustee will send a letter to any holder of an Allowed Claim that does not negotiate a distribution check within ninety (90) days of the check's issuance. If (i) there is no contact from the holder of the Allowed Claim within ninety (90) days of the sending of the Trustee's letter and (ii) the check is not negotiated during that ninety (90) day period, the Claim will be disallowed and the holder of the Claim shall be forever barred and enjoined from asserting the Claim against the Debtor, the Estate, this Liquidating Trust, the Trustee, the Liquidating Trust Assets, the Chapter 11 Trustee, or the property or assets of any of them, and no further distribution shall be made to the holder of that Claim, with the funds reserved for such Claim to be distributed to the Debtor for payment of Allowed Claims remaining unpaid pursuant to the terms of the Plan and this Agreement. Nothing contained in the Plan or this Agreement shall require any of the Debtor, Chapter 11 Trustee, the Liquidating Trust or the Trustee or the agents or professionals of any one or more of them to attempt to locate any holder of an Allowed Claim.

2.5.3 Notwithstanding anything herein to the contrary, if a distribution to be made to a holder of an Allowed Unsecured Claim on any Distribution Date would be $100 or less, no such distribution is required to be made to that holder at that time. Such undistributed funds shall be held by the Trustee for subsequent distribution to that Claim holder either when (i) further amounts become available such that the distribution to that holder will exceed $100, or (ii) when final distributions are made (this provision shall not apply to final distributions).

2.5.4 The Debtor or Trustee may suspend distribution to any creditor that has not provided the Trustee with its Federal Tax Identification number or social security number, as the case may be, after a reasonable request by the Trustee. If no such number is provided within ninety (90) days of a reasonable request by the Trustee, the Trustee may send a second request. If no Federal Tax or social security number is received by the Trustee within ninety (90) days of his second request, the Claim will be disallowed and the holder of the Claim shall be forever barred and enjoined from asserting the Claim against the Debtor, the Estate, the Liquidating Trust, the Trustee, the Liquidating Trust Assets, the Chapter 11 Trustee, or the property or assets of any of them, and no further distribution shall be made to the holder of that Claim, with the funds reserved for such Claim to be distributed among the

remaining Allowed Claims remaining unpaid pursuant to the terms of the Plan and this Agreement.

2.6     Liability of Trustee.

      2.6.1     Standard of Care.  The standard of liability of the Trustee for any loss or damage by reason of any action taken or omitted by the Trustee pursuant to the discretion, powers, and authority conferred on him by this Agreement shall be gross negligence.

      2.6.2     No Liability for Acts of Predecessors.  No successor Trustee shall be in any way responsible for the acts or omissions of any Trustee in office prior to the date on which such person becomes a Trustee, unless a successor Trustee expressly assumes such responsibility.

      2.6.3     No Implied Obligations.  The Trustee shall not be liable except for the performance of such duties and obligations as are specifically set forth herein, and no implied covenants or obligations shall be read into this Agreement.

      2.6.4     No Liability for Good Faith Error of Judgment or Other Persons.  No Trustee shall be liable for any error of judgment made in good faith, unless it shall be proved that he was grossly negligent in ascertaining the pertinent facts.

      2.6.5     Reliance by Trustee on Documents or Advice of Counsel or Other Persons.  Except as otherwise provided herein, the Trustee may rely and shall be protected in acting upon any resolution, certificate, statement, instrument, opinion, report, notice, request, consent, order, or other paper or document believed by him to be genuine and to have been signed or presented by the proper party or parties.  The Trustee may also engage and consult with legal counsel without Court permission or order and shall not be liable for any action taken or suffered by the Trustee in reliance upon the advice of such legal counsel.

2.7     No Personal Obligation for Trust liabilities.  Persons dealing with the Trustee, or seeking to assert claims against the Debtor, shall look only to the Liquidating Trust Assets to satisfy any liability incurred by the Trustee or the Debtor to such person in carrying out the terms of this Agreement, and the Trustee shall have no personal, individual obligation to satisfy any such liability.

2.8     Selection of Agents.  The Trustee may select and employ attorneys, accountants and other agents.  Such agents may be so employed without regard to prior employment of such agents by the Debtor or any Claimant.  The Trustee may employ as a consultant in his administration of the Liquidating Trust any person or persons having particular knowledge of the Debtor's affairs (including, without limitation, any officer or director or former officer or director of any entity owned by the Debtor), and may place reliance upon the advice of any such person.  The Trustee may pay the salaries, fees, and expenses of such agents or consultants out of the Liquidating Trust Assets or the Net Proceeds.

2.9     Records and Reporting.  The Trustee shall maintain good and sufficient records of the Liquidating Trust Assets and the Net Proceeds and shall maintain the Register described in Section 3.3 hereof.  As soon as practicable after the end of each calendar year of the Liquidating

Trust, and as soon as practicable after termination of the Liquidating Trust, the Trustee shall submit to the Bankruptcy Court an unaudited written report and account showing (a) the assets and liabilities of the Liquidating Trust at the end of such year or upon termination, (b) any changes in the Liquidating Trust Assets which have not been previously reported, and (c) any material action taken by the Trustee in the performance of his duties under the Liquidating Trust which have not been previously reported. The Trustee shall furnish to any Claimants receiving distributions such information returns with respect to any federal or state tax as may be required by law.

2.10    Trustee's Compensation, Indemnification, and Reimbursement. As compensation for services rendered in the administration of this Liquidating Trust, the Trustee shall be compensated upon terms which are approved by the Court. The Trustee shall further be reimbursed for all reasonable out-of-pocket expenses incurred in the performance of his duties hereunder. The amounts necessary for all such compensation and reimbursement and for all expenses of administration shall be withdrawn by the Trustee out of the Liquidating Trust Assets or the Net Proceeds without the need for any further Bankruptcy Court supervision, approval, authorization, or order.

2.11    Disposition of Assets to Interested Parties. The Trustee is specifically authorized and empowered to negotiate at arms' length and enter into agreements with the Claimants and any other interested parties for the sale of any portion of the Liquidating Trust Assets.

2.12    Resignation. The Trustee may resign by executing and delivering an instrument in writing to the Bankruptcy Court; provided, however, that the Trustee shall continue to serve as Trustee after resignation until the time when appointment of a successor Trustee shall become effective in accordance with Section 2.14 hereof.

2.13    Removal. The Bankruptcy Court may at any time remove the Trustee for cause upon notice and an opportunity for a hearing.

2.14    Appointment of Successor Trustee. In the event of the death or incompetency, resignation or removal of the Trustee, the Bankruptcy Court shall appoint a successor Trustee within thirty (30) days of receiving notice of the vacancy to be left by the outgoing Trustee. Every successor Trustee appointed hereunder shall execute, acknowledge, and deliver to the Bankruptcy Court and to the outgoing Trustee an instrument accepting such appointment, and thereupon such successor Trustee, without any further act, deed, or conveyance, shall become vested with all the rights, powers, trusts, and duties of the retiring Trustee pursuant to the Plan and this Agreement.

2.15    Trust Continuance. The death or incompetency, resignation, or removal of the Trustee shall not operate to terminate the Liquidating Trust created by this Agreement or to revoke any existing agency created pursuant to the terms of this Agreement or invalidate any action theretofore taken by the Trustee. In the event of the resignation or removal of the Trustee, such Trustee shall promptly (a) execute and deliver such documents, instruments, and other writings as may be reasonably requested by the successor Trustee to effect the termination of the Trustee's capacity under the Liquidating Trust and the conveyance of the Liquidating Trust Assets and Net Proceeds then held by the Trustee to his successor; (b) deliver to the successor

Trustee all documents, instrument, records, and other writings related to the Liquidating Trust as may be in the possession of the Trustee; and (c) otherwise assist and cooperate in effecting the assumption of its obligations and functions by such successor Trustee.

2.16     Effect of Liquidating Trust on Third Parties.  There is no obligation on the part of any purchaser or purchasers from the Trustee or any agent of the Trustee, or on the part of any other persons dealing with the Trustee or any agent of the Trustee, to see to the application of the purchase money or other consideration passing to the Trustee or any agent of the Trustee, or to inquire into the validity, expediency, or propriety of any such transaction by the Trustee or any agent of the Trustee.

## 3. RIGHTS, POWERS AND DUTIES OF TRUST BENEFICIARY AND ALLOWED CLAIMS

3.1     Interest of Trust Beneficiary and holders of Allowed Claims.  The holders of Allowed Claims against the Debtor shall have no beneficial interests in the Liquidating Trust Assets.  Only the Debtor shall have a beneficial interest in the Liquidating Trust Assets.  Allowed Claims against the Debtor shall be transferable.  In the event of either a voluntary or involuntary transfer of an Allowed Claim against the Debtor, the Trustee shall be provided with such information as he deems sufficient for purposes of maintaining the Register pursuant to Section 3.3 hereof and the terms of the Plan and this Agreement shall apply to the transferee as if it were the original holder of the Claim.

3.2     Rights of Trust Beneficiary and of holders of Allowed Claims.  The ownership of an Allowed Claim against the Debtor or of the beneficial interest hereunder shall not entitle the Debtor or any Claimant (or successor) to any title in or to the Liquidating Trust Assets as such, or to any right to call for a partition or division of the same, or to require an accounting except as specifically required by the terms hereof.

3.3     Register; Ownership of Allowed Claims.  The Trustee will maintain or cause to be maintained a register (the "Register") that contains the names and addresses of the holders of all Allowed Claims against the Debtor.  The Trustee and Debtor may treat the person in whose name any Claim is registered on such Register as the owner thereof for the purposes of receiving distributions from the Liquidating Trust Assets pursuant to the Plan.

3.4     Exemption from Registration.  The parties hereto intend that the rights of the holders of Allowed Claims against the Debtor arising under this Agreement and the provisions of the Plan and Confirmation Order shall not be "securities" under applicable law, but none of the parties hereto represent or warrant that such rights shall not be securities or shall be entitled to exemption from registration under applicable securities laws.  If such rights constitute securities, the parties hereto intend for the exemption from registration provided by 11 U.S.C. § 1145 to apply to their issuance under the Plan.

3.5     Effect of Death, Incapacity, or Bankruptcy of holder of an Allowed Claim.  The death, incapacity, or bankruptcy of a holder of an Allowed Claim during the terms of this Agreement shall not operate to terminate the Trust, nor shall it entitle the representatives or creditors of the relevant Claim holder to an accounting, or to take any action in the courts or

elsewhere for the distribution of the Liquidating Trust Assets or for a partition thereof, nor shall it otherwise affect the rights and obligations of any other Claim holder.

3.6 Conflicting Claims. In the event the Trustee becomes aware of any disagreement or conflicting claims with respect to the Liquidating Trust Assets, the Net Proceeds, or a Claim, or if the Trustee in good faith is in doubt as to any action which should be taken under this Agreement, the Trustee and/or Debtor shall have the absolute right at the Trustee's election to do any or all of the following:

(i) To the extent of such disagreement or conflict, or to the extent deemed by him necessary or appropriate in light of such disagreement or conflict, withhold or stop all further performance under this Agreement (save and except the safekeeping of the Liquidating Trust Assets) until the Trustee is satisfied that such disagreement or conflicting claims have been fully and finally resolved; or

(ii) File a suit in interpleader or in the nature of interpleader in the Bankruptcy Court and obtain an order requiring all persons and parties involved to litigate in the Bankruptcy Court their respective claims arising out of or in connection with this Agreement; or

(iii) File any other appropriate motion for relief in the Bankruptcy Court.

## 4. MISCELLANEOUS

4.1 Applicable Law. The Liquidating Trust created herein shall be construed, regulated, and administered under the internal laws of the State of Texas and the United States of America.

4.2 Relationship Created. The only relationship created by this Agreement is the trustee-beneficiary relationship between the Trustee and the Debtor. No other relationship or liability is created. Nothing contained herein shall be construed so as to constitute the Trustee and the Debtor, the holders of an Allowed Claim or their successors in interest as creating any association, partnership, or joint venture of any kind.

4.3 Interpretation and Definitions. The enumeration and headings contained in this Agreement are for convenience of reference only and are not intended to have any substantive significance in interpreting the same. Unless the context otherwise requires, whenever used in this Agreement, the singular shall include the plural and the plural shall include the singular. All capitalized terms used but not defined herein shall have the meaning ascribed thereto in the Plan.

4.4 Partial Invalidity. If any provision of this Agreement shall for any reason be held invalid or unenforceable by any court, governmental agency, or arbitrator of competent jurisdiction, such invalidity or unenforceability shall not affect any other provision hereof, but this Agreement shall be construed as if such invalid or unenforceable provision had never been contained herein.

4.5 Entire Agreement. This Agreement and the Plan constitute the entire agreement by and among the parties, and there are no representations, warranties, covenants, or obligations except as set forth herein and in the Plan. This Agreement and the Plan supersede all prior and

contemporaneous agreements, understandings, negotiations, and discussions, written or oral, if any, of the parties hereto relating to any transaction contemplated hereunder. Except as otherwise specifically provided herein or in the Plan, nothing in this Agreement is intended or shall be construed to confer upon or to give any person other than the parties hereto any rights or remedies under or by reason of this Agreement.

4.6 <u>Counterparts.</u> This Agreement may be executed in any number of counterparts and by the different parties hereto on separate counterparts, each of which when so executed and delivered shall be an original document, but all of which counterparts shall together constitute one and the same instrument.

4.7 <u>Notices.</u> All notices, requests, consents and other communications hereunder shall be in writing and delivered in person or by first class mail, postage and fees prepaid and shall be addressed (i) if to the Trustee or the Debtor, to Matthew D. Orwig, Trustee, SNR Denton, 2000 McKinney Ave., Suite 1900, Dallas, Texas 75201-1858, or such other address as such Trustee will have furnished to the Debtor and the Bankruptcy Court in writing in accordance with Sections 3.3 and 4.7 hereof, or (ii) if to any holder of an Allowed Claim against the Debtor, to such address as such holders of Allowed Claims will have furnished to the Trustee in writing in accordance with this Section 4.7. All such notices or communications will be deemed given when actually delivered or, if mailed, three (3) business days after deposit in the U.S. Mail. Any successor Trustee appointed by the Bankruptcy Court shall file with the Bankruptcy Court and give notice to all holders of Allowed Claims of his mailing address for notices, requests, consents and other communications hereunder.

4.8 <u>Effective Date.</u> This Agreement, and the transfer of Liquidating Trust Assets to the Trustee, shall become effective on the date of execution of this Agreement.

4.9 <u>Tax Provisions.</u>

4.9.1 <u>Income Tax Status</u>. In accordance with the provisions of Section 6012(b)(3) of the Internal Revenue Code of 1986, as amended (the "<u>IRC</u>"), the Trustee shall cause to be prepared, at the cost and expense of the Liquidating Trust, the corporate income tax returns (Federal, state and local) that the Debtor and Liquidating Trust are required to file. The Trustee shall timely file such tax return with the appropriate taxing authority and shall pay out of the Liquidating Trust Assets or Net Proceeds all taxes due with respect to the period covered by each such tax return. The Chapter 11 Trustee hereby agrees to furnish to the Trustee all information required by the Trustee, and generally to cooperate with the Trustee, so as to enable the Trustee to accurately and timely prepare such tax returns. The Trustee shall also file tax returns (if any) for the Liquidating Trust as a grantor trust under section 671 of the IRC and Treasury Regulation Section 1.671-4.

4.9.2 <u>Withholding</u>. The Trustee may withhold from the amount distributable from the Liquidating Trust at any time to any Claimant such sum or sums as may be sufficient to pay any tax or taxes or other charge or charges which have been or may be imposed on such Claimant or upon the Liquidating Trust with respect to the amount distributable or to be distributed under the income tax laws of the United States or of any

state or political subdivision or entity by reason of any distribution provided for any law, regulation, rule, ruling, directive, or other governmental requirement.

4.9.3 Tax Identification Numbers. The Trustee may require any Claimant to furnish to the Trustee its Employer or Taxpayer Identification Number or social security number and the Trustee may condition any distribution to any holder of an Allowed Claim upon receipt of such identification number.

4.10 Amendment of Trust. This Agreement may be amended, modified, terminated, revoked, or altered only upon order of the Bankruptcy Court.

## 5. RETENTION OF JURISDICTION

5.1 Retained Jurisdiction. As provided in the Plan, the Bankruptcy Court has retained jurisdiction over the Debtor, the Liquidating Trust, the Trustee, and the Liquidating Trust Assets, including, without limitation, the determination of all controversies and disputes arising under or in connection with this Agreement. As provided in the Plan, such jurisdiction shall be as broad and pervasive as would exist if the Trustee were a trustee appointed under Chapter 7 of the Bankruptcy Code, and the Liquidating Trust Assets were property of the estate in such Chapter 7 case created pursuant to 11 U.S.C. § 541. This provision shall not operate to exclude other courts of competent jurisdiction from exercising jurisdiction over the Liquidating Trust, the Liquidating Trust Assets, and the Trustee.

5.2 Bankruptcy Court's Reservation of Rights. Notwithstanding anything to the contrary herein, the Bankruptcy Court has and retains jurisdiction over the Liquidating Trust and the Trustee to ensure prompt attention to the collection of the Liquidating Trust Assets and prompt distribution to Allowed Claims against the Debtor. The Bankruptcy Court has and retains jurisdiction to remove the Trustee for cause or to direct the Trustee and his professionals as to such prompt collection and distribution after notice and an opportunity for a hearing.

IN WITNESS WHEREOF, the undersigned have caused this instrument to be executed as of the day and year first above written.

FIRSTPLUS FINANCIAL GROUP, INC.

_____
Matthew D. Orwig, Chapter 11 Trustee

TRUSTEE

_____
MATTHEW D. ORWIG, Trustee