

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

*[signature]*

**United States Bankruptcy Judge**

**Signed February 06, 2012**

---

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| FIRSTPLUS FINANCIAL GROUP, INC., | § | Case No. 09-33918-HDH |
| | § | |
| | § | Chapter 11 |
| DEBTOR. | § | |

### ORDER CONFIRMING TRUSTEE'S AMENDED
### PLAN OF LIQUIDATION FOR THE DEBTOR

On January 25, 2011, the Bankruptcy Court held a hearing (the "Confirmation Hearing")

to consider confirmation of the *Trustee's First Amended Plan of Liquidation for FirstPlus*

*Financial Group, Inc.* (the "Plan")[1] filed by the Matthew D. Orwig, Chapter 11 Trustee (the

"Trustee").

On September 8, 2011, the Trustee filed the Plan [Docket No. 601] and his *Disclosure*

*Statement for the Chapter 11 Trustee's Amended Plan of Liquidation for FirstPlus Financial*

*Group, Inc.* [Docket No. 603] (the "Disclosure Statement").  On December 13, 2011, the

---

[1] Capitalized terms not defined herein shall have the meaning given to them in the Plan.

Bankruptcy Court entered its *Order (A) Approving the Disclosure Statement, (B) Establishing the Voting Record Date, Voting Deadline and Other Dates, (C) Approving Procedures for Soliciting, Receiving and Tabulating Votes on the Plan and for Filing Objections to the Plan and (D) Approving the Manner and Forms of Notice and Other Related Documents* [Docket No. 683] (the "Disclosure Statement Order").

In support of Confirmation of the Plan, the Trustee filed, among other things, his *Declaration in Support of Confirmation of Plan of Liquidation* [Docket No. 753] (the "Declaration in Support"), and the *Certification of Michael J. Paque with Respect to the Tabulation of Votes on the Chapter 11 Trustee's First Amended Plan of Liquidation for FirstPlus Financial Group, Inc.* [Docket No. 750] (the "Paque Declaration").

Based upon the Bankruptcy Court's review of, among other things, (i) the Plan, (ii) the Declaration in Support, (iii) the Paque Declaration (as amended and supplemented), (iv) objections to Confirmation of the Plan and responses to the same, (v) exhibits admitted and other evidence presented or proffered at the Confirmation Hearing, (vi) representations and arguments of counsel at the Confirmation Hearing, (vii) the docket of the Bankruptcy Case, and (viii) other relevant factors affecting this Bankruptcy Case, this Court makes the following findings of fact and conclusions of law, and issues this *Order Confirming Trustee's Amended Plan of Liquidation for the Debtor*:

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

### Jurisdiction and Venue

A. <u>Jurisdiction; Venue; Core Proceeding.</u> This Court has jurisdiction over the Chapter 11 Case pursuant to 28 U.S.C. §§ 157 and 1334. Venue in this Court is proper under 28 U.S.C. §§ 1408 and 1409. The Debtor was and is qualified to be a debtor under Bankruptcy

Code § 109. The Trustee was and is qualified to be a trustee under the Bankruptcy Code. This matter constitutes a core proceeding under 28 U.S.C. § 157(b)(2), including those proceedings set forth in subsections (b)(2)(A), (B), (G), (I), (K), (L), (M), and (O), and this Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed.

### Notice, Solicitation and Acceptance

B.    <u>Service of Solicitation Materials and Notices</u>. As evidenced by the certificates of service and affidavits of publication [Docket Nos. 674, 692, 699, 700, 714, 715, 727], all appropriate pleadings, notices, and Ballots were transmitted, mailed, and served to the extent required by the Disclosure Statement Order and Bankruptcy Rule 3017(d). The Trustee timely and properly served (1) all holders of Claims and/or Equity Interests in Classes 1, 2, and 4, the following: (a) the Disclosure Statement with a copy of the Plan attached thereto as an exhibit (which may have been provided by CD rather than hard copy) and (b) the Notice of Non-Voting Status (the form of which was approved by the Disclosure Statement Order) setting forth (i) the subject Creditors' classification as either an Unclassified or Unimpaired Creditor in Class 1 or 2, or as an Impaired Creditor not entitled to vote in Class 4, (ii) the deadline to object to Confirmation of the Plan, and (iii) the date and time of the Confirmation Hearing, and (2) all holders of Claims or Equity Interests in Classes 3(a) and 3(b)/5 (either directly or through the owners of record) and all parties in interest on the Master Service List a Solicitation Package (as defined below). The "<u>Solicitation Package</u>" was comprised of the following: (a) cover letter describing the contents of the Solicitation Package; (b) a copy of the Disclosure Statement Order; (c) the Disclosure Statement with a copy of the Plan attached thereto as an exhibit (which may have been provided by CD rather than hard copy); (d) the Notice of Disclosure Statement Order

(the form of which was approved by the Disclosure Statement Order) setting forth the deadline to vote on the Plan, the deadline to object to the Plan, and the Confirmation Hearing; and (e) as to holders of Claims entitled to vote on the Plan, an appropriate Ballot (the form of which was approved by the Disclosure Statement Order) and a return addressed envelope. The Trustee further provided notice by publication in the *Wall Street Journal* and the *Dallas Morning News*.

C.     <u>Adequate Notice of Confirmation Hearing.</u> In accordance with Bankruptcy Rules 2002, 3018, 3019, 6004, 6006, 9007 and 9014, N.D. Tex. L.B.R. 2002-1, 3018-1, and 9014-1, and the Disclosure Statement Order, adequate notice of the time for filing objections to Confirmation of the Plan and the authorizations and transfers contemplated thereby and adequate notice of the Confirmation Hearing was provided to all holders of Claims and Equity Interests and other parties in interest entitled to receive such notice under the Bankruptcy Code and the Bankruptcy Rules. No other or further notice of the Confirmation Hearing or Confirmation of the Plan is necessary or required.

D.     <u>Good Faith Solicitation (11 U.S.C. § 1125(e)).</u> Based on the record, the Trustee and his attorneys, agents, and professionals (including but not limited to any attorneys, accountants, solicitation agents, and other professionals that have been retained by such parties) have acted in "good faith" within the meaning of Bankruptcy Code § 1125(e) and in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Disclosure Statement Order and applicable non-bankruptcy law in connection with all of their respective activities relating to (1) the solicitation of acceptances or rejections of the Plan and (2) their participation in the other activities described in Bankruptcy Code § 1125. Votes for acceptance and rejection of the Plan were solicited in good faith and in compliance with Bankruptcy Code §§ 1125 and 1126, Bankruptcy Rules 3017 and 3018, the Disclosure Statement, the Disclosure

Statement Order, all other applicable provisions of the Bankruptcy Code and all other applicable rules, laws and regulations. In addition, all procedures used to distribute the Solicitation Package to Holders of Claims and Equity Interests were fair and were conducted in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and all other applicable rules, laws and regulations. Therefore, the Trustee and his attorneys, agents, and professionals are entitled to the full protections afforded by Bankruptcy Code § 1125(e).

## Compliance with Bankruptcy Code § 1129

E. <u>The Trustee has satisfied his burden of proof</u>. A plan proponent has the burden to prove the requirements for confirmation by a preponderance of the evidence.[2] Here, the Trustee has satisfied his burden of proof with respect to Confirmation of the Plan.

F. <u>Plan Compliance with Bankruptcy Code (11 U.S.C. § 1129(a)(1))</u>. The Plan complies with the applicable provisions of the Bankruptcy Code, thereby satisfying Bankruptcy Code § 1129(a)(1). Congress enacted Bankruptcy Code § 1129(a)(1) to ensure that a plan complies with the Bankruptcy Code's provisions regarding classification of claims and interests (11 U.S.C. § 1122) and the contents of a plan of reorganization (11 U.S.C. § 1123).[3] These provisions are discussed in the following paragraphs.

G. <u>Plan Compliance with Bankruptcy Code § 1122</u>. The Plan complies with the classification requirements of the Bankruptcy Code. Classification of claims and interests is governed by Bankruptcy Code § 1122, which provides that "a plan may place a claim or interest in a particular class only if such claim or interest is substantially similar to the other claims or

---

[2] *See Heartland Fed. Sav. & Loan Ass'n v. Briscoe Enters. (In re Briscoe Enters., Ltd., II)*, 994 F.2d 1160, 1163-65 (5th Cir. 1993) (recognizing that "preponderance of the evidence is the debtor's appropriate standard of proof both under § 1129(a) and in a cram down").

interests of such class." 11 U.S.C. § 1122(a). This section does not require that claims or interests within a particular class be identical.[4] A plan proponent has flexibility in classifying claims, so long as the proponent has some reasonable basis for the classification or the creditor agrees to it.[5]

       H.     Under the Plan, the Claims or Equity Interests within each Class are substantially similar to the other Claims or Equity Interests within that Class. The Plan classifies Claims and Equity Interests as follows:

| Class | Class Description |
|---|---|
| Class 1 | Priority Non-Tax Claims |
| Class 2 | Secured Claims |
| Class 3(a) | Unsecured Claims |
| Class 3(b) | Breach Claim |
| Class 4 | Subordinated Claims |
| Class 5 | Equity Interests |

---

[3] *See* S. REP. NO. 95-989, at 126 (1971), *reprinted in* 1978 U.S.C.C.A.N. 5787; H.R. REP. NO. 95-595, at 412 (1977), *reprinted in* 1978 U.S.C.C.A.N. 5963; *see also Kane v. Johns-Manville Corp.*, 843 F.2d 636, 648 (2d Cir. 1988).

[4] *In re DRW Property Co.*, 60 B.R. 505, 511 (Bankr. N.D. Tex. 1986); *see also Phoenix Mut. Life Ins. Co. v. Greystone III Joint Venture (In re Greystone III Joint Venture)*, 995 F.2d 1274, 1278-79 (5th Cir. 1991) ("A fair reading of both subsections [of section 1122] suggests that ordinarily 'substantially similar claims,' those which share common priority and rights against the debtor's estate, should be placed in the same class").

[5] *See In re Jersey City Med. Center*, 817 F.2d 1055, 1060-61 (3d Cir. 1987) ("Congress intended to afford bankruptcy judges broad discretion [under section 1122 of the Bankruptcy Code] to decide the propriety of plans in light of the facts of each case."). A plan proponent cannot "classify similar claims differently in order to gerrymander an affirmative vote on a reorganization plan," but there may be good business reasons to support separate classification. *In re Briscoe Enterprises.*, 994 F.2d at 1167 (quotations omitted); *see also In re The Heritage Org., L.L.C.*, 375 B.R. 230, 288 (Bankr. N.D. Tex. 2007) ("Substantially similar claims must be classified together unless some reason, other than gerrymandering, exists for separating them").

I.     Valid business, legal, and factual reasons exist for the separate classification of each of these Classes of Claims and Equity Interests, and there is no unfair discrimination or gerrymandering between or among the holders of Claims and Equity Interests.

J.     A reasonable justification exists for the classification and treatment of the Class 3(a) Unsecured Claims and the Class 3(b) Breach Claim.  The Breach Claim arises from the breach by the Debtor of its prior settlement agreement with the Shareholder Class, not on account of any recovery by members of the Shareholder Class of their respective equity investments.  Thus, the Breach Claim should not be subordinated under Bankruptcy Code § 510(b), and the Breach Claim will be treated on equal footing with the Class 3(a) Unsecured Claims.  Moreover, the settlement of any 510(b) issues that could arguably affect the Breach Claim on the terms set forth in the Plan is fair, equitable, and reasonable.

K.     In sum, all Claims and Equity Interests within each Class under the Plan are substantially similar and are afforded equal and reasonable treatment, or the claimant has agreed to the classification.  Accordingly, the classification of Claims and Equity Interests under the Plan satisfies the requirements of Bankruptcy Code § 1122.

L.     The Plan Complies with Bankruptcy Code § 1123.  In accordance with Bankruptcy Code § 1123(a), the Plan: (1) designates Classes of Claims and Equity Interests, other than Claims of a kind specified in Bankruptcy Code §§ 507(a)(2), 507(a)(3), or 507(a)(8); (2) specifies Classes of Claims and Equity Interests that are not Impaired under the Plan; (3) specifies the treatment of Classes of Claims and Equity Interests that are Impaired under the Plan; (4) provides the same treatment for each Claim or Equity Interest of a particular Class, unless the holder of a particular Claim or Equity Interest agrees to less favorable treatment of their respective Claim or Equity Interest; (5) provides for adequate means for the Plan's

implementation; (6) is a liquidating plan and accordingly (a) provides for the cancelation, termination, and extinguishment of the Equity Interests, (b) does not provide that any holder of Claims or any holder of Equity Interests will receive equity or other interests in the Debtor entity, (c) does not provide for the Liquidating Trust to issue securities to any Person, and (d) provides for the termination of all of the directors, officers, and/or managers of the Debtor; and (7) contains only provisions that are consistent with the interests of holders of Claims and Equity Interests and with public policy with respect to the manner of selection of the Liquidating Trustee on and after the Effective Date. The relief provided in the Plan is fair and necessary for the orderly implementation of the Plan and the administration of the Estate. Therefore, the Plan satisfies the requirements of Bankruptcy Code § 1123(a) and (b).

      M.    <u>Trustee's Compliance with Bankruptcy Code (11 U.S.C. § 1129(a)(2))</u>. In accordance with Bankruptcy Code § 1129(a)(2), the Trustee has complied with the applicable provisions of the Bankruptcy Code. The Trustee has complied with the applicable provisions of the Bankruptcy Code (including §§ 1122, 1123, 1124, 1125, 1126, and 1128), the Bankruptcy Rules (including Bankruptcy Rules 3017, 3018, and 3019), and the Disclosure Statement Order in transmitting the Plan, the Disclosure Statement, the Ballots, and all related documents and notices, and in soliciting and tabulating votes on the Plan.

      N.    Votes to accept or reject the Plan were solicited by the Trustee and his advisors, attorneys, agents, and professionals after the Court approved the adequacy of the Disclosure Statement pursuant to Bankruptcy Code § 1125(a).

      O.    The Trustee and his representatives, advisors, attorneys, agents, and professionals have solicited and tabulated votes on the Plan and have participated in the activities described in Bankruptcy Code § 1125 fairly, in good faith within the meaning of Bankruptcy Code § 1125(e),

and in a manner consistent with the applicable provisions of the Disclosure Statement Order, the Disclosure Statement, the Bankruptcy Code, the Bankruptcy Rules, and all other applicable laws, rules, and regulations and are entitled to the protections afforded by Bankruptcy Code § 1125(e) and the exculpation provisions set forth in Article XI of the Plan.

P. The Trustee and his advisors, attorneys, agents, and professionals have participated in good faith and in compliance with the applicable provisions of the Bankruptcy Code with regard to the offering, issuance, and distribution of recoveries under the Plan and, therefore, are not, and on account of such distributions will not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or Distributions or Payments made pursuant to the Plan, so long as such Distributions or Payments are made consistent with and pursuant to the Plan.

Q. Plan Proposed in Good Faith (11 U.S.C. § 1129(a)(3)). To be confirmed, a plan must have been "proposed in good faith and not by any means forbidden by law." 11 U.S.C. § 1129(a)(3). A plan is proposed in good faith if there is a reasonable likelihood that the plan will achieve a result consistent with the objectives and purposes of the Bankruptcy Code.[6] "The requirement of good faith must be viewed in light of the totality of the circumstances surrounding the establishment of a Chapter 11 plan . . . ."[7]

R. There is no question that the Plan is proposed in good faith and not by any means forbidden by law. The Debtor filed the Chapter 11 Case with the legitimate and honest purpose of developing an orderly process to compensate legitimate claimants while maximizing value.

---

[6] *In re T-H New Orleans Ltd. P'ship*, 116 F.3d at 802; *In re Madison Hotel Assocs.*, 749 F.2d 410, 424-425 (7th Cir. 1984).

[7] *Brite v. Sun Country Dev. (In re Sun Country Dev.)*, 764 F.2d 406, 408 (5th Cir. 1985); *see also In re JT Thorpe Co.*, 308 B.R. 782, 787 (Bankr. S.D. Tex. 2003).

Furthermore, the Trustee filed the Plan with the same legitimate and honest purpose of developing an orderly process to maximize value of the Estate to compensate legitimate claimants. The Plan culminates a two-and-a-half year process during which the Trustee consistently has engaged in arm's-length negotiations among entities having very different and, in many instances, competing interests, all aimed at an over-arching goal of maximizing the value of the Debtor and its Estate and the recovery to holders of Claims and Equity Interests in accordance with the Bankruptcy Code. In accordance with Bankruptcy Code § 1129(a)(3), the Trustee has proposed the Plan in good faith and not by any means forbidden by law. The treatment of holders of Claims and Equity Interests contemplated by the Plan was negotiated at arm's-length, without collusion, and in good faith. In determining that the Plan has been proposed in good faith, the Bankruptcy Court has examined the totality of the circumstances surrounding the formulation of the Plan and the solicitation of votes to accept or reject the Plan. Furthermore, the Plan represents extensive arm's-length negotiations among the Trustee and other parties in interest, as well as their respective legal and financial advisors, and reflects the best interests of the Debtor's Estate and holders of Claims and Equity Interests.

        S.     <u>Payment for Services or Costs and Expenses (11 U.S.C. § 1129(a)(4)).</u> In accordance with Bankruptcy Code § 1129(a)(4), all payments and distributions, made or to be made by the Trustee for services or for costs and expenses in, or in connection with, the Chapter 11 Case, or in connection with the Plan and incident to the Chapter 11 Case, have been approved by, or are subject to approval of, this Court as reasonable, unless otherwise ordered by this Court.

        T.     <u>Directors, Officers, and Insiders (11 U.S.C. § 1129(a)(5)).</u> The Trustee has complied with Bankruptcy Code § 1129(a)(5). The Persons that must be identified pursuant to Bankruptcy Code § 1129(a)(5) have been identified in the Disclosure Statement or the Plan.

These provisions of the Plan are consistent with the interests of Claim and Equity Interest holders and with public policy, thereby satisfying Bankruptcy Code § 1129(a)(5).

U. <u>No Rate Changes (11 U.S.C. § 1129(a)(6)).</u> In accordance with Bankruptcy Code § 1129(a)(6), the Debtor is not subject to any governmental regulation of any rates.

V. <u>Best Interests of Creditors (11 U.S.C. § 1129(a)(7)).</u> Bankruptcy Code § 1129(a)(7), the "best interests of creditors test," requires that, with respect to each impaired class, each holder of a claim or interest in the class:

> i. has accepted the plan; or
>
> ii. will receive or retain under the plan on account of such claim or interest property of a value, as of the effective date of the plan, that is not less than the amount that such holder would so receive or retain if the debtor were liquidated under chapter 7 of this title on such date.

W. The testimony presented by the Trustee in the Declaration in Support and in his testimony before this Court regarding liquidation analysis and the effect of the Breach Claim on such analysis and other evidence admitted at the Confirmation Hearing establish that the requirements of Bankruptcy Code § 1129(a)(7) are satisfied by the Plan. In accordance with Bankruptcy Code § 1129(a)(7), with respect to Classes of Impaired Claims or Impaired Equity Interests (*i.e.*, Classes 3(a), 3(b), 4, and 5), each holder of a Claim or Equity Interest has either accepted the Plan or will receive or retain under the Plan, on account of such Claim or Equity Interest, property of a value, as of the Effective Date, that is not less than the amount that such holder would so receive or retain if the Debtors were liquidated under chapter 7 of the Bankruptcy Code on such date.

X. <u>Acceptance or Rejection of Certain Classes (11 U.S.C. § 1129(a)(8)).</u> Classes 1 and 2 are not Impaired and thus are deemed to have accepted the Plan. Classes 3(a) and 3(b) are Impaired. As demonstrated by the Paque Declaration, Class 3(a) has rejected the Plan and Class

3(b) has accepted the Plan in accordance with Bankruptcy Code § 1126(c). Classes 4 and 5 are Impaired, and the holders of Claims and Equity Interests in those Classes are not likely to receive or retain any property under the Plan and they are deemed to have rejected the Plan.

Y.     Treatment of Administrative, Priority, and Tax Claims (11 § U.S.C. § 1129(a)(9)). The Plan's treatment of Claims of a kind specified in Bankruptcy Code §§ 507(a)(1) through (8) satisfies the requirements set forth in Bankruptcy Code § 1129(a)(9).

Z.     Acceptance by Impaired Class (11 U.S.C. § 1129(a)(10)).   The evidence establishes, as discussed above, that one of the voting Impaired Classes under the Plan (Class 3(b)) voted to accept the Plan.   In accordance with Bankruptcy Code § 1129(a)(10), at least one Class of Claims that is Impaired under the Plan has voted to accept the Plan, without including acceptances of the Plan by any insider.

AA.     Feasibility (11 U.S.C. § 1129(a)(11)).   The evidence proffered or adduced at the Confirmation Hearing with respect to feasibility (1) is persuasive, credible, and accurate as of the dates such analysis was prepared, presented, or proffered, (2) utilizes reasonable and appropriate methodologies and assumptions, (3) has not been controverted by other evidence, and (4) establishes that Confirmation of the Plan is not likely to be followed by the need for further financial reorganization or liquidation of the Liquidating Trust because the Plan is a liquidating plan. Thus, the Plan satisfies the requirements of Bankruptcy Code § 1129(a)(11).

BB.     Payment of Fees (11 U.S.C. § 1129(a)(12)).   In accordance with Bankruptcy Code § 1129(a)(12), to the extent that fees payable to the United States Trustee under 28 U.S.C. § 1930(a)(6) have not been paid, the Plan provides for the payment of all such fees on the Effective Date of the Plan and as they come due after the Effective Date.

CC.     Continuation of Retiree Benefits (11 U.S.C. § 1129(a)(13)).  In accordance with Bankruptcy Code § 1129(a)(13), the Plan does not alter retiree benefits to the extent any such benefits currently exist.

DD.     Other Provisions of 11 U.S.C. § 1129(a).  The provisions of 11 U.S.C. §§ 1129(a)(14), (a)(15), and (a)(16) are not applicable to the Debtor.

EE.     No Unfair Discrimination; Fair and Equitable (11 U.S.C. § 1129(b)).  The Bankruptcy Court finds and concludes that Classes 3(a), 4, and 5 are Impaired Classes of Claims and Equity Interests that have either rejected or are deemed to have rejected the Plan pursuant to Bankruptcy Code § 1126(g).  The Plan does not discriminate unfairly and is fair and equitable with respect to Classes 3(a), 4, and 5, as required by Bankruptcy Code § 1129(b)(1) and (2).

FF.     Class 3(a) Unsecured Claims.  The Plan satisfies the requirements of Bankruptcy Code § 1129(b)(1) and (2) with regard to Class 3(a) (Unsecured Claims).  The treatment of Class 3(a) creditors under the Plan does not reflect disparate treatment between similarly situated creditors.  No class junior to Class 3(a) will receive any property under the Plan.  Hence, the Plan satisfies the fair and equitable test under Bankruptcy Code § 1129(b)(2)(B) with respect to Class 3(a).

GG.     Class 4 Subordinated Claims.  The Plan is fair and equitable and does not discriminate unfairly as to Class 4 Claims.  There are no known Claims in Class 4.  If a Claim arises that is properly classified as a Class 4 Claim, the treatment of Class 4 creditors under the Plan does not reflect disparate treatment between similarly situated creditors.  Subordinated Claims are accorded lesser priority under the Bankruptcy Code than timely-filed Unsecured Claims.  Further, no Class junior to Class 4 will receive any property under the Plan unless and

until all the Claims in Class 4 are satisfied in full. Hence, the Plan satisfies the fair and equitable test under Bankruptcy Code § 1129(b)(2)(B) with respect to Class 4.

HH.    Class 5 Equity Interests. The Plan is fair and equitable and does not discriminate unfairly as to Class 5 Equity Interests. With respect to a class of *equity interests*, "fair and equitable" includes the requirement that either (i) each impaired equity interest receives or retains, on account of that equity interest, property of a value equal to the greater of the allowed amount of any fixed liquidation preference to which the holder is entitled, any fixed redemption price to which the holder is entitled, *or the value of the equity interest*, or (ii) the holder of any equity interest that is junior to the equity interest of that class will not receive or retain under the plan, on account of that junior equity interest, any property. 11 U.S.C. § 1129(b)(2)(C).

II.    Based on the evidence, the Equity Interests are not entitled to any fixed liquidation preference or redemption price pursuant to their terms, and the value of the Equity Interests in the Debtor may be negative. Accordingly, the first prong of Bankruptcy Code § 1129(b)(2)(C) is satisfied. In addition, no junior classes will receive any property under the Plan, so the second prong of Bankruptcy Code § 1129(b)(2)(C) is also satisfied.

JJ.    Therefore, the Plan may be confirmed as to Classes 1, 2, 3(a), 3(b), 4, and 5. Upon Confirmation and the occurrence of the Effective Date, the Plan shall be binding upon the members of all Classes of Claims and Equity Interests, including, but not limited to, Classes 1, 2, 3(a), 3(b), 4, and 5.

KK.    Only One Plan – 11 U.S.C. § 1129(c). The Bankruptcy Court finds and concludes that, other than the Plan (including previous versions thereof), no other plan has been filed in the Case. Accordingly, the requirements of Bankruptcy Code § 1129(c) have been satisfied.

LL.    Principal Purpose (11 U.S.C. § 1129(d)).  No Person, including but not limited to the U.S. Securities and Exchange Commission (the "SEC"), the U.S. Internal Revenue Service (the "IRS"), or any other Governmental Authority, has requested that the Bankruptcy Court deny Confirmation on the grounds that the principal purpose of the Plan is the avoidance of taxes or the avoidance of section 5 of the 1933 Act.  The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of section 5 of the 1933 Act.

MM.    Burden of Proof.  The Trustee has met his burden of proving the elements of Bankruptcy Code §§ 1129(a) and (b).

## Appeal of this Confirmation Order

NN.    The reversal or modification on appeal of this Confirmation Order does not affect the validity of the authorizations and transfers contemplated under the Plan with respect to an entity that acquired property or an interest in property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorizations and transfers contemplated under the Plan are stayed pending appeal.

## Exemptions from Recording, Stamp, and Similar Taxes (11 U.S.C. § 1146(a))

OO.    The Bankruptcy Court finds and concludes that, in accordance with Bankruptcy Code § 1146(a), the issuance, transfer, or exchange of any security, and the making or delivery of any instrument of transfer pursuant to the Plan shall not be subject to any document recording tax, stamp tax, conveyance fee, intangibles or similar tax, mortgage tax, real estate transfer tax, mortgage recording tax, or other similar tax or governmental assessment.

## Authorizations and Transfers Pursuant to the Plan

PP.    Settlement and Releases.  Pursuant to Bankruptcy Code §§ 363 and 1123 and Bankruptcy Rule 9019, and in consideration for the Distributions and Payments and other benefits provided pursuant to the Plan, the provisions of the Plan shall constitute a good faith

compromise and settlement of Claims, causes of action and controversies that a holder of any Claim may have with respect to any Allowed Claim or any Distribution or Payment to be made on account of such Allowed Claim, including but not limited to the Shareholder Settlement. The entry of this Confirmation Order shall constitute this Court's approval of the compromise or settlement of all such Claims, causes of action, and controversies and this Court's finding that such compromise or settlement (i) is in the best interests of the Debtor, its Estate, and the holders of such Claims; (ii) is fair, equitable, and reasonable; (iii) maximizes the value of the Estate, and (iv) is essential to the successful implementation of the Plan. To the extent provided by the Plan and Liquidating Trust Agreement, pursuant to Bankruptcy Code §§ 363 and 1123 and Bankruptcy Rule 9019(a), without any further notice or action, order, or approval of the Bankruptcy Court, the Trustee may compromise and settle Claims against the Debtor and Causes of Action against other Persons, in his sole and absolute discretion, and after the Effective Date, such right shall pass to the Liquidating Trust and the Liquidating Trustee, as applicable, with respect to the Liquidating Trust Assets.

QQ.    <u>Legal Binding Effect</u>.  The provisions of the Plan will bind all holders of Claims and Equity Interests and their respective successors and assigns, whether or not they accept the Plan.

RR.    <u>Release and Exculpation.</u>  The release and exculpation provisions are an integral part of the Plan and represent a valid exercise of the Trustee's business judgment. Pursuing any such claims against the released parties is not in the best interest of the Debtor's Estate and various constituencies as the costs involved likely would outweigh any potential benefit from pursuing such claims. The failure to affect the release and exculpation provisions of the Plan would impair the Trustee's ability to confirm the Plan, and the release and exculpation

provisions of the Plan are fair, equitable, and reasonable.  Accordingly, the compromises and settlements embodied in the release and exculpation provisions described in Article XI of the Plan are approved.

SS.    Rejection of Executory Contracts.    The rejection of Executory Contracts pursuant to the Plan and this Confirmation Order is (i) a sound and reasonable exercise of the Trustee's business judgment, (ii) in the best interests of the Debtor, its Estate, and holders of Claims and Equity Interests, and (iii) necessary for the implementation of the Plan.

TT.    Plan Documents Valid and Binding.    All other documents reasonably necessary to implement the Plan have been negotiated in good faith and at arm's length; shall be, upon execution on or after the Effective Date, valid, binding, and enforceable agreements; and are in the best interests of the Debtor and its Estate and have been negotiated in good faith and at arm's length.

UU.    Compliance with Bankruptcy Rule 3016.    In accordance with Bankruptcy Rule 3016(a), the Plan is dated and the Trustee, who submitted it and filed it, is appropriately identified.    The filing of the Disclosure Statement with the clerk of this Court satisfies Bankruptcy Rule 3016(b).

**The Liquidating Trust Is Not A Successor to the Debtor**

VV.    Save and except as needed to comply with Bankruptcy Code § 1145, the Liquidating Trust and its affiliates, successors, or assigns is not, as a result of actions taken in connection with the Plan, a successor to the Debtor or a continuation or substantial continuation of the Debtor or any enterprise of the Debtor.  The Liquidating Trust shall be deemed to be a successor to the Debtor only to the limited extent needed to comply with Bankruptcy Code § 1145 and for no other reason under any state or federal law.

WW. The Liquidating Trust shall be considered a "grantor" trust for federal income tax purposes, created by the Debtor to liquidate its assets to pay Allowed Claims, and shall therefore not have separate liability for federal income taxes relating to, or arising from, the transfer of Liquidating Trust Assets from the Debtor or the liquidation of the Liquidating Trust Assets. As such, for federal income tax purposes, the Debtor will be treated as the owner of the Liquidating Trust Assets. In accordance with the decision of the United States Supreme Court in *Holywell Corp. v. Smith*, 112 S. Ct. 1021 (1992), the Liquidating Trustee shall be required to file the income tax returns that the Debtor would have filed if its assets had not been conveyed to the Liquidating Trust and the Liquidating Trust will promptly pay any tax liability created by the liquidation of the Liquidating Trust Assets. The Liquidating Trustee shall reserve a sum sufficient to pay any accrued or potential Debtor tax liability arising from the liquidation of Liquidating Trust Assets.

XX. The Liquidating Trust shall be established for the purpose of receiving, holding, liquidating and distributing the Debtor's assets to the holders of Allowed Claims as provided in the Plan and Confirmation Order and to make other payments called for in the Plan, with no objective to continue or engage in the conduct of a trade or business.

YY. The Liquidating Trust's *res* shall consist of the Liquidating Trust Assets. Any Cash or other property received following the Effective Date by the Liquidating Trust from third parties from the prosecution, settlement, or compromise of any Litigation or Other Causes of Action (including any proceeds from any insurance policies), from the sale of Property, or otherwise shall constitute Liquidating Trust Assets. The Liquidating Trust Assets shall also include a single share of stock in the Debtor, which shall be issued to the Liquidating Trust on the Effective Date and shall be the sole ownership interest in the Debtor.

ZZ.    On the Effective Date or as soon as practicable thereafter, the Chapter 11 Trustee shall transfer all of the Liquidating Trust Assets to, and such assets shall vest in, the Liquidating Trust free and clear of all liens, Claims, and encumbrances, except to any extent otherwise provided in the Plan and the Liquidating Trust Agreement.

AAA.    Upon the transfer of the Liquidating Trust Assets to the Liquidating Trust, the Liquidating Trustee shall be a representative of the Estate pursuant to 11 U.S.C. §§ 1123(a)(5), 1123(a)(7), and 1123(b)(3)(B) with respect to the Liquidating Trust Assets and shall be automatically deemed substitute as named Plaintiff in all pending litigation and shall have all rights, standing and interest of the Estate and Chapter 11 Trustee in that litigation.  All litigation and other causes of action (including, without limitation, all the Litigation, all other Causes of Action, and all Avoidance Actions) shall survive confirmation and consummation of the Plan and the commencement or prosecution of same shall not be barred by any estoppel, whether judicial, equitable, or otherwise.

## Miscellaneous Provisions

BBB.    <u>Best Interests of Persons.</u>  Confirmation of the Plan is in the best interests of the Debtor, its Estate, holders of Claims and Equity Interests, and all other parties in interest.

CCC.    <u>Findings of Fact and Conclusions of Law on the Record.</u>  All findings of fact and conclusions of law announced by this Bankruptcy Court on the record in connection with Confirmation of the Plan or otherwise at the Confirmation Hearing are incorporated herein by reference.  To the extent that any of the findings of fact or conclusions of law constitutes an order of this Court, they are adopted as such.

## ORDER

Based on the foregoing findings of fact and conclusions of law, it is hereby **ORDERED** that:

1.      Confirmation of Plan.    The Plan, as modified herein, is **APPROVED** and **CONFIRMED** under Bankruptcy Code § 1129.    Except as otherwise set forth in this Confirmation Order, the Plan is valid and enforceable pursuant to its terms and the terms of the Plan are incorporated by reference into and are an integral part of this Confirmation Order.

2.      Objections Overruled.    All objections that have not been withdrawn, waived, or settled are **OVERRULED** on the merits.

3.      Approval of Plan Documents.    The form and substance of the Plan Documents (including all exhibits and attachments thereto and documents referred to therein) are hereby **APPROVED**.    The execution, delivery, and performance by the Trustee and the Liquidating Trustee of the Plan Documents are authorized and approved without the need for further corporate or other organizational action or further Order or authorization of the Bankruptcy Court.    The Trustee is authorized and empowered to make any and all modifications to any and all documents included as part of the Plan that may be agreed to by the parties thereto and that are consistent with the Plan and the terms of this Confirmation Order.

4.      Authority.

   a.      The Trustee and/or the Liquidating Trustee are authorized and empowered (including, without limitation, with the authorities set forth in the Plan) to take such actions and do all things as may be necessary or required to implement and effectuate the Plan, the transfer to the Liquidating Trust of the Liquidating Trust Assets, and this Confirmation Order.

b.    The Trustee, the Liquidating Trustee, the Liquidating Trust, and their respective agents, representatives, and attorneys, are authorized, empowered, and ordered to carry out all of the provisions of the Plan, to issue, execute, deliver, file and record, as appropriate, any instrument, or perform any act necessary to implement, effectuate, or consummate the Plan and this Confirmation Order, and to issue, execute, deliver, file, and record, as appropriate, such other contracts, instruments, releases, indentures, mortgages, deeds, bills of sale, assignments, leases, or other agreements or documents (collectively, "Documents"), and to perform such other acts and execute and deliver such other Documents as are required by, consistent with and necessary or appropriate to implement, effectuate, or consummate the Plan and this Confirmation Order and the transfers contemplated thereby and hereby, all without the requirement of further application to, or order of, the Bankruptcy Court or further action by their respective directors, stockholders, managers, members, or other beneficiaries, and with the like effect as if such actions had been taken by unanimous action of the respective directors, stockholders, managers, members, or other beneficiaries of such entities.

c.    The Trustee is further authorized, empowered, and ordered to enter into and, if applicable, cause to be filed with the Secretary of State or other applicable officials of any applicable Governmental Authority any and all amended and/or restated certificates or articles of incorporation, organization, or formation or amendments to limited liability company

agreements, operating agreements, or regulations and all such other actions, filings, or recordings as may be required under appropriate provisions of the applicable laws of all applicable Governmental Authorities with respect to compliance with Bankruptcy Code § 1123(a)(6).

d.  This Confirmation Order shall constitute all approvals and consents, if any, required by the Nevada Revised Statutes, the Texas Business Organizations Code, and all other applicable business organization, corporation, trust, and other laws of the applicable Governmental Authorities with respect to the implementation and consummation of the Plan and all actions authorized by this Confirmation Order.

e.  As applicable, the Trustee and/or the Liquidating Trustee are authorized to execute and perform, for and on behalf of the Debtor, any and all Documents and other instruments referred to in the foregoing clauses (b) and (c) and to certify or attest to any of the foregoing actions taken by the Debtor or the Liquidating Trust. The execution of any such Document or instrument or the taking of any such action by the Trustee and/or the Liquidating Trustee shall be, and hereby is, deemed conclusive evidence of the authority of such action.

f.  As of the Effective Date, the Trustee (as trustee of the Liquidating Trust) is irrevocably appointed as the Debtor's attorney-in-fact (which appointment as attorney-in-fact shall be coupled with an interest), with full authority in the place and stead of the Debtor and in the name of the

Debtor to take any action and to execute any instrument that the Trustee and/or Liquidating Trustee, in his discretion, may deem to be necessary or advisable to convey, transfer, vest, perfect, and confirm title of the Liquidating Trust Assets, including without limitation to issue, execute, deliver, file, and record such contracts, instruments, releases, indentures, mortgages, deeds, bills of sale, assignments, leases, or other agreements or documents, and to file any claims, to take any action, and to institute any proceedings that the Trustee and/or Liquidating Trustee may deem necessary or desirable in furtherance thereof.

5.      Approval of Liquidating Trust Agreement.  The Liquidating Trust Agreement in substantially the form attached to the Plan as Exhibit 1 (together with all schedules, addendums, exhibits, annexes, and other attachments thereto and as supplemented, amended, and modified, the "Liquidating Trust Agreement") is **APPROVED**, and the Trustee and/or the Liquidating Trustee are authorized to take all actions contemplated under the Liquidating Trust Agreement, including making appropriate modifications that do not materially affect substantive rights.

6.      Settlements.  The settlement embodied in the Plan between the Trustee and the Shareholder Class is **APPROVED** in all respects.

7.      Plan Classification Controlling.    The terms of the Plan shall govern the classification of Claims and Equity Interests for purposes of the Distributions and Payments to be made thereunder.   The classifications set forth on the Ballots tendered to or returned by the Holders of Claims in connection with voting on the Plan: (a) were set forth on the Ballots solely for purposes of voting to accept or to reject the Plan; and (b) shall not be binding on the Debtor or Trustee except for voting purposes.

8.      <u>Preservation of Causes of Action</u>.  The provisions of <u>Article VIII</u> of the Plan are hereby approved in their entirety.  The Trustee and the Liquidating Trustee, as applicable, expressly reserve all rights to prosecute any and all of their respective Causes of Action against any Person, except as otherwise expressly provided in the Plan.  Unless any Causes of Action against a Person are expressly waived, relinquished, exculpated, released, compromised, or settled in the Plan or a Court order, the Trustee and the Liquidating Trustee, as applicable, expressly reserve all of their respective Causes of Action for later adjudication.

9.      Upon the transfer of the Liquidating Trust Assets to the Liquidating Trust, the Liquidating Trustee shall be a representative of the Estate pursuant to 11 U.S.C. §§ 1123(a)(5), 1123(a)(7), and 1123(b)(3)(B) with respect to the Liquidating Trust Assets and shall be automatically deemed substitute as named Plaintiff in all pending litigation and shall have all rights, standing and interest of the Debtor, the Estate and the Chapter 11 Trustee in that litigation. All litigation and other causes of action (including, without limitation, all the Litigation, all other Causes of Action, and all Avoidance Actions) shall survive confirmation and consummation of the Plan and the commencement or prosecution of same shall not be barred by any estoppel, whether judicial, equitable, or otherwise.

10.     <u>Liquidating Trust Assets</u>. The property of the Debtor's Estate will not revest in the Debtor on or after the Effective Date.  Except as otherwise set forth in the Plan or this Confirmation Order, on the Effective Date, the Liquidating Trust Assets shall be transferred and assigned to the Liquidating Trust pursuant to the terms of the Plan.  The Debtor shall convey, transfer, assign and deliver the Liquidating Trust Assets to the Liquidating Trust pursuant to the terms of the Plan.  Except as otherwise set forth in the Plan, from and after the Effective Date,

the Trustee, the Liquidating Trustee, and the Liquidating Trust shall perform and pay when due liabilities under, or related to the ownership or operation of, the Liquidating Trust Assets.

11.  <u>Liquidating Trustee</u>.  The Trustee is hereby approved to serve as the Liquidating Trustee subject to the terms set forth in the Plan and the Liquidating Trust Agreement.  The Trustee is authorized to take the actions contemplated in the Plan, the Liquidating Trust Agreement, and this Confirmation Order.  The Trustee shall be permitted to pay his fees and expenses and the fees and expenses of his professionals for services rendered in connection with this Case and the Trustee's appointment under the Plan, the Liquidating Trust Agreement, and this Confirmation Order to the extent permitted by the Plan and the Liquidating Trust Agreement.

12.  <u>Rejection of Executory Contracts (11 U.S.C. § 1123(b)(2)</u>.  Except to the extent (a) the Debtor or Trustee has previously assumed, and (if applicable) assigned, or rejected an Executory Contract or (b) prior to the Effective Date, the Bankruptcy Court has entered an Order authorizing the assumption, and (if applicable) assignment, of an Executory Contract, the Debtor's Executory Contracts shall be deemed rejected on the Effective Date, pursuant to Bankruptcy Code §§ 365 and 1123.

13.  <u>Authority</u>.  All actions and transfers contemplated under the Plan, including but not limited to, any certificates, agreements or other documents or instruments to be executed in connection with the transfer and assignment of the Liquidating Trust Assets to the Liquidating Trust pursuant to the terms of the Plan shall be authorized upon entry of this Confirmation Order without the need of further approval or notices.

14.    <u>Legal Binding Effect</u>.  The provisions of the Plan shall bind all holders of Claims and Equity Interests and their respective successors and assigns, whether or not they accept the Plan.

15.    <u>Exculpations and Releases</u>.  The exculpations, indemnities, and releases set forth in the Plan, including in <u>Article XI</u> of the Plan, are approved and authorized in their entirety.

16.    The Plan and the distributions made under the Plan will be in full and final satisfaction, settlement and release as against the Debtor of any Claim or debt that arose before the Effective Date and any debt of a kind specified in 11 U.S.C. §§ 502(g), (h) or (i), and all Claims and Interests of any nature, including any interest accrued thereon, before, on, and after the Petition Date, whether or not a (i) proof of Claim or Interest based on such debt, obligation or Interest was filed or deemed filed under 11 U.S.C. §§ 501 or 1111(a); (ii) such Claim or Interest is allowed under 11 U.S.C. § 502; or (iii) the holder of such Claim or Interest has accepted the Plan.

17.    As of the Confirmation Date, except as provided in the Plan or the Confirmation Order, all Persons that have held, currently hold, or may hold a Claim, Interest, or other debt or liability that is addressed in the Plan are permanently enjoined from taking any of the following actions on account of any such Claim, Interest, debt, or liability, other than actions brought to enforce any rights or obligations under the Plan: (i) commencing or continuing in any manner any action or other proceeding against the Debtor, the Chapter 11 Trustee, the Liquidating Trust, the Liquidating Trustee, property of the Estate, or the Liquidating Trust Assets; (ii) enforcing, attaching, collecting or recovering in any manner any judgment, award, decree or order against the Debtor, the Chapter 11 Trustee, the Liquidating Trust, the Liquidating Trustee, property of the Estate, or the Liquidating Trust Assets; (iii) creating, perfecting or enforcing any lien or

encumbrance against the Debtor, the Chapter 11 Trustee, the Liquidating Trust, the Liquidating Trustee, property of the Estate, or the Liquidating Trust Assets; (iv) asserting a setoff, right of subrogation or recoupment of any kind against any debt, liability or obligation due to the Debtor, the Chapter 11 Trustee, the Liquidating Trust, the Liquidating Trustee, property of the Estate, or the Liquidating Trust Assets; and (v) commencing or continuing, in any manner or any place, any action that does not comply with, or is inconsistent with, the provisions of the Plan or the Confirmation Order.

18.     The Chapter 11 Trustee and his employees, representatives, legal counsel, financial advisors, consultants and agents, shall not have nor incur any liability to any Person for any act taken or omission occurring on or after the Petition Date in connection with or related to the Debtor or the Chapter 11 Case, including, but not limited to: (i) formulating, preparing, disseminating, implementing, confirming, consummating or administrating the Plan (including soliciting acceptances or rejections thereof); (ii) the Disclosure Statement; (iii) any contract, instrument, release or other arrangement entered into or any action taken or not taken in connection with the Plan or the Chapter 11 Case; or (iv) any distributions made pursuant to the Plan except for acts constituting willful misconduct, gross negligence, or breach of fiduciary duty, and in all respects such parties shall be entitled to rely upon the advice of legal counsel with respect to their duties and responsibilities under the Plan.

19.     <u>Insurance</u>.  Notwithstanding anything to the contrary in this Order or the Plan, neither the releases set forth in the Plan nor Confirmation and consummation of the Plan shall have any effect on insurance policies of the Debtor or its current or former directors and officers (including, but not limited to, director and officer liability policies to the extent that the Debtor or its current or former directors and officers have any rights under such policies) in which the

Debtor or its current or former directors and officers are or were an insured party or any claim asserted thereunder. Each insurance company is prohibited from denying, refusing, altering or delaying coverage for the Debtor (or its current or former directors and officers) on any basis regarding or related to the Case, the Plan, or any provision within the Plan.

20. <u>Exemption from Certain Taxes</u>. In accordance with Bankruptcy Code § 1146(a), none of the issuance, transfer, or exchange of any securities under the Plan; the release of any mortgage, deed of trust, or other lien; the making, assignment, filing, or recording of any lease or sublease; the transfer of title to or ownership of any of the Debtor's interests in any property; or the making or delivery of any deed, bill of sale, or other instrument of transfer under, in furtherance of, or in connection with the Plan, including the releases of liens contemplated under the Plan, shall be subject to any document recording tax, stamp tax, conveyance fee, sales or use tax, bulk sale tax, intangibles or similar tax, mortgage tax, stamp act, real estate transfer tax, mortgage recording tax, Uniform Commercial Code filing or recording fee, or other similar tax or governmental assessment in the United States. Federal, state, and/or local governmental officials or agents shall forgo the collection of any such tax or governmental assessment and to accept for filing and recordation any of the foregoing instruments or other documents without the payment of any such tax or governmental assessment.

21. <u>Cancellation of Securities</u>. On the Effective Date, in accordance with Bankruptcy Code § 1141(d)(1): (i) all of the Equity Interests in the Debtor (including all Equity Interests of the Debtor held in treasury by the Debtor immediately before the Effective Date) and all rights of the holders of Equity Interests of the Debtor therein, (ii) all certificates that previously evidenced those Equity Interests, and (iii) all other agreements heretofore binding upon the Debtor or its assets with respect to the Equity Interests of the Debtor shall be deemed to be terminated,

cancelled, extinguished, void, and of no further force or effect, without any action by the holders of such Equity Interests of the Debtor.

22.  <u>Reservation of Rights</u>.  Prior to the Effective Date, none of the filing of the Plan, any statement or provision contained herein, or the taking of any action by the Trustee with respect to this Plan shall be or shall be deemed to be an admission or waiver of any rights of the Trustee of any kind, including with respect to the holders of Claims or Equity Interests or as to any treatment or classification of any contract or lease.

23.  <u>Notice of Effective Date</u>.  On or before fifteen Business Days after the occurrence of the Effective Date, the Liquidating Trustee shall file with the Court and serve upon all Persons appearing on the Limited Service List [Docket No. 751-1] a notice that informs such Persons of (a) the occurrence of the Effective Date; (b) the deadline established under the Plan for the filing of administrative claims, (c) the procedures for changing an address, and (d) such other matters as the Liquidating Trustee deems appropriate or as may be ordered by the Bankruptcy Court.

24.  <u>Waiver or Estoppel</u>.  Each Holder of a Claim or an Equity Interest shall be deemed to have waived any right to assert any argument, including the right to argue that its Claim or Equity Interest should be Allowed in a certain amount, in a certain priority, secured, or not subordinated, by virtue of an agreement made with the Trustee or his counsel, or any other Person, if such agreement was not disclosed in the Plan, the Disclosure Statement, or papers Filed with this Court prior to the Confirmation Date.

25.  <u>References to Plan Provisions</u>.  The failure specifically to include or reference any particular provision of the Plan in this Confirmation Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Bankruptcy Court that the Plan be confirmed in its entirety (except as otherwise modified in this Confirmation Order).

26. <u>Reversal</u>. If any or all of the provisions of this Confirmation Order are hereafter reversed, modified, or vacated by subsequent order of this Court or any other court, such reversal, modification, or vacatur shall not affect the validity of the acts or obligations incurred or undertaken under or in connection with the Plan prior to the Trustee's or the Liquidating Trustee's receipt of written notice of any such order. Notwithstanding any such reversal, modification, or vacatur of this Confirmation Order, any such act or obligation incurred or undertaken pursuant to, and in reliance on, this Confirmation Order prior to the effective date of such reversal, modification or vacatur shall be governed in all respects by the provisions of this Confirmation Order and the Plan or any amendments or modifications thereto.

27. <u>Applicable Non-Bankruptcy Law</u>. Pursuant to Bankruptcy Code §§ 1123(a) and 1142(a), the provisions of this Confirmation Order, the Plan, the Liquidating Trust Agreement, or any amendments or modifications thereto shall apply and be enforceable notwithstanding any otherwise applicable non-bankruptcy law.

28. <u>Modification of the Plan Prior to Substantial Consummation</u>. After the Confirmation Date and prior to the Effective Date, the Trustee may, under Bankruptcy Code § 1127(b), (i) amend the Plan so long as such amendment shall not materially and adversely affect the treatment of any holder of a Claim, (ii) institute proceedings in the Bankruptcy Court to remedy any defect or omission or reconcile any inconsistencies in the Plan, the Disclosure Statement, or this Confirmation Order, and (iii) amend the Plan as may be necessary to carry out the purposes and effects of the Plan so long as such amendment does not materially or adversely affect the treatment of holders of Claims or Equity Interests under the Plan; <u>provided, however</u>, prior notice of any amendment shall be served in accordance with the Bankruptcy Rules or Order of this Court.

29. <u>Conflicts between Plan and Confirmation Order.</u> If there is any conflict between the Plan and this Confirmation Order, the terms of this Confirmation Order shall control.

30. <u>Severability of Plan Provisions</u>. Each term and provision of the Plan, as it may be altered or interpreted, is valid and enforceable pursuant to its terms.

31. <u>Retention of Jurisdiction</u>. This Court's retention of jurisdiction as set forth in <u>Article X</u> of the Plan is approved. Such retention of jurisdiction does not affect the finality of this Confirmation Order. For the avoidance of doubt, this Court shall retain jurisdiction over all pending matters, including adversary proceedings.

32. <u>Nonseverable and Mutually Dependent</u>. The provisions of this Confirmation Order are nonseverable and mutually dependent.

33. <u>Recordable Form</u>. This Confirmation Order shall be, and hereby is declared to be in recordable form and shall be accepted by any filing or recording officer or authority of any applicable Governmental Authority for filing and recording purposes without further or additional orders, certifications or other supporting documents. Further, this Court authorizes the Trustee and the Liquidating Trustee, as applicable, to file a memorandum of this Confirmation Order in any appropriate filing or recording office as evidence of the matters herein contained.

34. <u>Waiver of Stay</u>. Notwithstanding Bankruptcy Rules 3020(e), 6004(h), and 6006(d) (as applicable), the Trustee, the Debtor, and the Liquidating Trustee shall be authorized to consummate the Plan and the transfers contemplated thereby immediately after entry of this Confirmation Order.

# # # END OF ORDER # # #

Submitted By:

Peter Franklin
State Bar No. 07378000
pfranklin@fslhlaw.com
Doug Skierski
State Bar No. 24008046
dskierski@fslhlaw.com
Erin K. Lovall
State Bar No. 24032553
elovall@fslhlaw.com
10501 N. Central Expressway, Suite 106
Dallas, Texas 75231
Telephone: (972) 755-7100
Facsimile: (972) 755-7110

**Counsel for Matthew D. Orwig, Chapter 11 Trustee**